■ ANTHONY J. MARIN, Appellant, v GEORGE KAKIVELIS et al., Respondents. [674 NYS2d 709] —In an action to recover damages for personal injuries, the plaintiff appeals (1) from an order of the Supreme Court, Nassau County (Winick, J.), dated July 28, 1997, which granted the defendants' motion for summary judgment dismissing the complaint, and (2), as limited by his brief, from so much of an order of the same court, dated January 7, 1998, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated July 28, 1997, is dismissed, as that order was superseded by the order dated January 7, 1998, made upon reargument; and it is further,

Ordered that the order dated January 7, 1998, is affirmed insofar as appealed from; and it is further,

Ordered that the respondents are awarded one bill of costs.

The evidence submitted by the defendants established, prima

facie, that the plaintiff had not sustained a serious injury within the meaning of Insurance Law § 5102 (d) (*see, Licari v Elliott,* 57 NY2d 230). Contrary to the plaintiff's contention, the reports prepared by Dr. Richard Carruthers and Dr. Jay Nathan, which were affirmed to be true under penalty of perjury, constituted competent evidence (*see,* CPLR 2106; *cf., Moore v Tappen,* 242 AD2d 526).

The chiropractor's affidavit which was submitted by the plaintiff in opposition to the defendants' motion for summary judgment contained conclusory assertions that the plaintiff is suffering from a significant limitation and permanent consequential limitation based upon a recent examination, without quantifying the extent or degree to which the plaintiff's range of movement is allegedly limited (*see, Beckett v Conte,* 176 AD2d 774). Although the affidavit contains measurements of limitations of motion in the plaintiff's spine, they were based upon a physical examination conducted four years earlier (*see, O'Neill v Rogers,* 163 AD2d 466). Thus, the plaintiff failed to provide objective evidence of the duration of the alleged impairment (*see, Philpotts v Petrovic,* 160 AD2d 856; *Covington v Cinnirella,* 146 AD2d 565).

Furthermore, the plaintiff failed to support his allegation that his injuries had prevented him from performing substantially all of his customary and usual daily activities during at least 90 out of the first 180 days following the accident (*see, Rodriguez v Kwan Cheung Tsui,* 233 AD2d 382). Rosenblatt, J. P., Sullivan, Joy, Altman and Luciano, JJ., concur.