■ Zeev Kauderer et al., Appellants, et al., Plaintiff, v Robert Penta, Respondent. [689 NYS2d 190] —In an action to recover damages for personal injuries, etc., the plaintiffs Zeev Kauderer and Aliza Kauderer appeal from so much of an order of the Supreme Court, Kings County (Golden, J.), dated March 27, 1998, as granted those branches of the defendant's motion which were for summary judgment dismissing the causes of action asserted by them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant's submissions in support of his motion for summary judgment included the report of Dr. Sidney Plotkin, an orthopedic surgeon who treated the injured plaintiff Zeev Kauderer. That report indicated that the injured plaintiff initially had subjective complaints of pain and some contusions and soft tissue swelling as a result of the subject accident. On subsequent visits, Dr. Plotkin could make no objective findings with regard to the injured plaintiff's complaints of pain, and found that the injured plaintiff had full range of motion, no neurological deficits, no vascular compromise, and no swelling approximately six weeks after the accident. Accordingly, the defendant made a prima facie showing that the injured plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). The papers submitted by the injured plaintiff in opposition to the motion failed to demonstrate the existence of a triable issue of fact. The affidavit of his chiropractor was insufficient for this purpose, inasmuch as it referred to findings made during an examination which was performed almost three years earlier, and did not indicate that the opinion expressed therein was based upon any recent medical examination of the injured plaintiff (see, Thomas v Roach, 246 AD2d 591; Evans v Mohammad, 243 AD2d 604; Philpotts v Petrovic, 160 AD2d 856). Moreover, while the affidavit purported to quantify certain alleged restrictions in the injured plaintiff's range of motion, it failed to establish that any objective tests were performed to support this determination (see, Merisca v Alford, 243 AD2d 613; Gill v O.N.S. Trucking, 239 AD2d 463). Similarly, the affidavits of the plaintiffs and excerpts from the deposition of the injured plaintiff consisted of vague, conclusory, and medically-unsubstantiated assertions as to the effects of the injury. These self-serving, subjective complaints of pain and disability were insufficient to raise a genuine issue regarding whether the injured plaintiff sustained any permanent injury, significant limitation, or medically-determined injury or impairment of a nonpermanent nature which prevented him from performing substantially all of the material acts which constituted his usual and customary daily activities for a period of not less than 90 days during the 180-day period immediately following the accident (see, Yagliyan v Gun Shik Yang, 241 AD2d 518; Cullum v Washington, 227 AD2d 370; Atamian v Mintz, 216 AD2d 430). Therefore, the Supreme Court properly granted the defendant summary judgment dismissing the causes of action asserted by the appellants. S. Miller, J. P., Sullivan, Friedmann and Luciano, JJ., concur.