■ TONI A. SHAY et al., Respondents, v DAVID A. JERKINS, Appellant. [692 NYS2d 730] —In an action to recover damages for personal injuries, etc., the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Oshrin, J.), dated July 27, 1998, as denied those branches of his motion which were to dismiss (a) the causes of action asserted by the plaintiffs Toni A. Shay and Lauren Shay on the ground that they did not sustain serious injuries within the meaning of Insurance Law § 5102 (d) and (b) the derivative causes of action asserted by the plaintiff Kevin Shay.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, those branches of the defendant's motion which were to dismiss the causes of action asserted by the plaintiffs Toni A. Shay, Lauren Shay and Kevin Shay are granted and the complaint is dismissed.

The affirmed reports prepared by a board certified orthopedic surgeon, Dr. Lawrence Miller, which the defendant submitted in support of his motion for summary judgment made out a prima facie case (*see,* CPLR 3212 [b]) that the plaintiffs Toni A. Shay and Lauren Shay did not sustain serious injuries within the meaning of Insurance Law § 5102 (d).

The medical evidence which the plaintiffs submitted in opposition to the motion consisted of the affidavits sworn to by an orthopedist, Dr. David J. Weissberg, and a physical therapist, Robert Shapiro. Dr. Weissberg's finding that the plaintiff Lauren Shay had sustained a permanent loss of use of a body organ, member, function, or system was improperly based on her subjective complaints of pain (*see, Licari v Elliott,* 57 NY2d 230). Dr. Weissberg's conclusion that the plaintiff Toni A. Shay had sustained a serious injury was based, *inter alia*, on the results of a Magnetic Resonance Imaging test (hereinafter MRI)

which she had undergone. However, he did not indicate that he reviewed the actual MRI films nor did he attach a copy of a sworn MRI report to his affidavit. Therefore, the evidence was insufficient to establish that Toni A. Shay sustained a serious injury within the meaning of Insurance Law § 5102 (d) (see, Merisca v Alford, 243 AD2d 613; Friedman v U-Haul Truck Rental, 216 AD2d 266).

The affidavit of the physical therapist was "of limited probative value" for the reasons stated by Justice Oshrin in the order which is the subject of this appeal.

The plaintiffs Toni A. Shay and Lauren Shay have thus failed to raise a triable issue of fact (see, CPLR 3212 [b]) and the causes of action asserted by them are dismissed. In light of our determination the derivative claims asserted by Kevin Shay must also be dismissed. Mangano, P. J., Santucci, Krausman, Florio and H. Miller, JJ., concur.