■ LUCIA DIAZ, Respondent, v LARRY WIGGINS et al., Appellants, et al., Defendants. [707 NYS2d 870] —In an action to recover damages for personal injuries, the defendants Larry Wiggins and Isabel Castro appeal from an order of the Supreme Court, Richmond County (Cusick, J.), dated May 28, 1999, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellants, and the action against the remaining defendants is severed.

The appellants established prima facie that the plaintiff did not suffer a serious injury within the meaning of Insurance Law § 5102 (d) (*see, Gaddy v Eyler,* 79 NY2d 955, 956-957). The affidavit of the plaintiff's treating physician submitted in

opposition to the motion failed to raise a triable issue of fact as to whether the plaintiff suffered a serious injury. The affidavit was deficient as a matter of law, *inter alia*, because the opinion expressed therein regarding a "significant limitation of use of a body function or system" (Insurance Law § 5102 [d]) was based upon an examination conducted over one year earlier rather than on a recent medical examination (*see, Kosto v Bonelli,* 255 AD2d 557; *Gutierrez v Metropolitan Suburban Bus Auth.,* 240 AD2d 469; *Attanasio v Lashley,* 223 AD2d 614; *Letellier v Walker,* 222 AD2d 658), and upon the unsworn medical reports of another physician (*see, Shay v Jerkins,* 263 AD2d 475; *Decayette v Kreger Truck Renting,* 260 AD2d 342; *Ahmed v Jaekyoo Yoo,* 255 AD2d 345; *Merisca v Alford,* 243 AD2d 613; *Williams v Hughes,* 256 AD2d 461). Bracken, J. P., Joy, Thompson, Goldstein and Feuerstein, JJ., concur.