(September 25, 2007)

■ FABIO ABREU, Appellant, v BUSHWICK BUILDING PRODUCTS & SUPPLIES, LLC, et al., Respondents. [841 NYS2d 788]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Harkavy, J.), dated September 27, 2006, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The defendants established their prima facie entitlement to judgment as a matter of law by showing that the plaintiff did

not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's hospital records were without any probative value in opposing the defendants' motion since those records were uncertified (*see Mejia v DeRose*, 35 AD3d 407 [2006]). Moreover, neither the plaintiff nor his treating physician adequately explained the gap in his treatment between the time he stopped treatment five months after the accident and his most recent examination on February 13, 2006 (*see Pommells v Perez*, 4 NY3d 566, 574 [2005]; *see also Berktas v McMillian*, 40 AD3d 563 [2007]; *Waring v Guirguis*, 39 AD3d 741 [2007]; *Phillips v Zilinsky*, 39 AD3d 728 [2007]). The plaintiff's own deposition testimony was fatal to his cause of action in this respect since the plaintiff testified that he stopped treatment after five months because he felt better. Furthermore, the plaintiff's treating physician failed to address the finding of the defendants' expert radiologist attributing the condition of the plaintiff's cervical and lumbar spine to degenerative changes. This rendered speculative the plaintiff's treating physician's opinion that the plaintiff's lumbar and cervical conditions were caused by the subject motor vehicle accident (*see Giraldo v Mandanici*, 24 AD3d 419 [2005]; *Lorthe v Adeyeye*, 306 AD2d 252 [2003]; *Pajda v Pedone*, 303 AD2d 729 [2003]; *Ginty v MacNamara*, 300 AD2d 624 [2002]). In addition, the plaintiff failed to submit any competent medical evidence that he was unable to perform substantially all of his daily activities for not less than 90 of the first 180 days subsequent to the subject accident (*see Nociforo v Penna*, 42 AD3d 514 [2007]; *Felix v New York City Tr. Auth.*, 32 AD3d 527 [2006]; *Sainte-Aime v Ho*, 274 AD2d 569 [2000]). Schmidt, J.P., Spolzino, Skelos, Lifson and McCarthy, JJ., concur.