ASHLEY DIAZ et al., Respondents, v ROBERT LOPRESTI, Appellant. [870 NYS2d 408]

The Supreme Court correctly determined that the defendant established, prima facie, his entitlement to judgment as a matter of law dismissing the first, second, and sixth causes of action asserted by the plaintiff Ashley Diaz (hereinafter Ashley), and the third cause of action asserted by the plaintiff Debbie Diaz for loss of Ashley's services by showing that Ashley did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). However, in opposition, the plaintiffs failed to raise a triable issue of fact as to whether Ashley sustained a serious injury as a result of the subject accident. The medical reports of Ashley's treating orthopedist failed to raise a triable issue of fact as to whether she sustained a serious injury under

the permanent consequential limitation of use and/or the significant limitation of use categories of Insurance Law § 5102 (d) since they were not based on a recent examination of her (*see Landicho v Rincon*, 53 AD3d 568, 569 [2008]; *Cornelius v Cintas Corp.*, 50 AD3d 1085 [2008]; *Young Hwan Park v Orellana*, 49 AD3d 721 [2008]; *Amato v Fast Repair Inc.*, 42 AD3d 477 [2007]).

Moreover, the plaintiffs failed to submit competent medical evidence that the injuries allegedly sustained by Ashley as a result of the subject accident rendered her unable to perform substantially all of her daily activities for not less than 90 days of the first 180 days subsequent to the subject accident (*see Rabolt v Park*, 50 AD3d 995 [2008]; *Roman v Fast Lane Car Serv., Inc.*, 46 AD3d 535 [2007]; *Sainte-Aime v Ho*, 274 AD2d 569 [2000]).

Ashley failed to establish economic loss in excess of basic economic loss (*see Watford v Boolukos*, 5 AD3d 475, 476 [2004]). Rivera, J.P., Florio, Angiolillo, McCarthy and Chambers, JJ., concur. [*See* 2008 NY Slip Op 30988(U).]