■ KIN CHONG KU, Appellant, v ALICE ANNE BALDWIN-BELL et al., Respondents. [880 NYS2d 76]—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Rosengarten, J.), entered May 12, 2008, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The Supreme Court correctly determined that the defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In opposition, the plaintiff failed to raise a triable issue of fact.

The plaintiff's submissions were insufficient to raise a triable issue of fact as to whether he sustained a serious injury under the significant limitation of use and/or the permanent consequential limitation of use categories of Insurance Law § 5102 (d) since those submissions were not based on a recent examination of the plaintiff (*see Diaz v Lopresti*, 57 AD3d 832 [2008]; *Soriano v Darrell*, 55 AD3d 900 [2008]; *Diaz v Wiggins*, 271 AD2d 639 [2000]; *Kauderer v Penta*, 261 AD2d 365 [1999]; *Marin v Kakivelis*, 251 AD2d 462 [1998]). The plaintiff also failed to submit competent medical evidence that the injuries he allegedly sustained in the subject accident rendered him unable to perform substantially all of his daily activities for not less than 90 days of the first 180 days subsequent to the subject accident (*see Roman v Fast Lane Car Serv., Inc.*, 46 AD3d 535 [2007]; *Sainte-Aime v Ho*, 274 AD2d 569 [2000]). The plaintiff admitted in his deposition testimony that he missed only two days from work as a result of the subject accident. Spolzino, J.P., Santucci, Angiolillo and Leventhal, JJ., concur.