■ Manuel Casco, Appellant, v Stella Cocchiola, Respondent. [878 NYS2d 409]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Cozzens, J.), dated March 3, 2008, as granted that branch of the defendant's motion which was for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court correctly determined that the defendant met her prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis*

*Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955, 956-957 [1992]). The limitation noted by the defendant's examining orthopedic surgeon concerning the plaintiff's lumbar flexion was insignificant in nature.

In opposition, the plaintiff failed to raise a triable issue of fact. The vast majority of the submissions by the plaintiff's treating chiropractor Christopher Skurka were without any probative value since they were not presented in affidavit form, or otherwise subscribed before a notary (*see Kunz v Gleeson,* 9 AD3d 480 [2004]; *Santoro v Daniel,* 276 AD2d 478 [2000]; *Doumanis v Conzo,* 265 AD2d 296 [1999]). Furthermore, neither the plaintiff nor Skurka adequately explained the essential cessation of the plaintiff's treatment after seven months of physical therapy (*see Pommells v Perez,* 4 NY3d 566, 574 [2005]). In this respect, the plaintiff admitted during his deposition testimony that he stopped treatment after seven months because he felt better (*see Abreu v Bushwick Bldg. Prods. & Supplies, LLC,* 43 AD3d 1091 [2007]). The only other medical submissions offered by the plaintiff in opposition to the defendant's motion were the affirmed magnetic resonance imaging reports referable to the cervical and lumbar regions of his spine, which revealed the existence of a disc protrusion at C3-4 and a disc herniation at L5-S1. The mere existence of a herniated or bulging disc is not evidence of a serious injury in the absence of objective evidence of the extent of the alleged physical limitations resulting from the disc injury and its duration (*see Sealy v Riteway-1, Inc.,* 54 AD3d 1018 [2008]; *Kilakos v Mascera,* 53 AD3d 527 [2008]; *Cerisier v Thibiu,* 29 AD3d 507 [2006]; *Bravo v Rehman,* 28 AD3d 694 [2006]; *Kearse v New York City Tr. Auth.,* 16 AD3d 45 [2005]).

The plaintiff's remaining contentions are without merit. Skelos, J.P., Florio, Balkin, Belen and Austin, JJ., concur.