■ STEPHANIE BLASSE, Appellant, v ROSLYN LAUB, Respondent. [882 NYS2d 921]—

In an action to recover damages for personal injuries, the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Martin, J.), dated August 12, 2008, as denied her cross motion for summary judg-

ment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the defendant's cross motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) is granted.

Contrary to the Supreme Court's determination, the defendant met her prima facie burden by showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In opposition, the plaintiff's submissions were insufficient to raise a triable issue of fact as to whether she sustained a serious injury under the significant limitation of use and/or the permanent consequential limitation of use categories of Insurance Law § 5102 (d), since those submissions were not based on a recent examination (*see Kin Chong Ku v Baldwin-Bell*, 61 AD3d 938 [2009]; *Diaz v Lopresti*, 57 AD3d 832 [2008]; *Soriano v Darrell*, 55 AD3d 900 [2008]; *Diaz v Wiggins*, 271 AD2d 639 [2000]; *Kauderer v Penta*, 261 AD2d 365 [1999]; *Marin v Kakivelis*, 251 AD2d 462 [1998]). The plaintiff also failed to submit competent medical evidence that the injuries she allegedly sustained in the subject accident rendered her unable to perform substantially all of her daily activities for not less than 90 days of the first 180 days subsequent to the subject accident (*see Kin Chong Ku v Baldwin-Bell*, 61 AD3d 938 [2009]; *Roman v Fast Lane Car Serv., Inc.*, 46 AD3d 535 [2007]; *Sainte-Aime v Ho*, 274 AD2d 569 [2000]). In this respect, the plaintiff admitted in her deposition testimony that she missed, at most, a single day from work as a result of the subject accident. Rivera, J.P., Dillon, Covello, Eng and Hall, JJ., concur.