DONNA A. KNOX, Appellant, v LORI A. LENNIHAN, Respondent. [884 NYS2d 171]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Adams, J.), dated February 17, 2009, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The defendant established her prima facie entitlement to judgment as a matter of law by showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's essential argument on appeal is that her submissions in opposition were sufficient to raise a triable issue of fact as to whether she sustained a serious injury to her cervical spine under the permanent consequential limitation of use and the significant limitation of use categories of Insurance Law § 5102 (d). The plaintiff, in opposition to the defendant's motion, principally relied on the affirmations of Dr. Bradley J. Cohen and Dr. Bruce R. Ross. However, those

affirmations failed to raise a triable issue of fact as to whether the plaintiff sustained either a permanent consequential limitation of use or a significant limitation of use of her cervical spine as a result of the subject accident because neither affirmation contained any competent medical evidence which revealed the existence of range-of-motion limitations in the plaintiff's cervical spine that were contemporaneous with the subject accident (*see Niles v Lam Pakie Ho,* 61 AD3d 657, 658 [2009]; *Garcia v Lopez,* 59 AD3d 593 [2009]; *Leeber v Ward,* 55 AD3d 563 [2008]; *Ferraro v Ridge Car Serv.,* 49 AD3d 498 [2008]; *D'Onofrio v Floton, Inc.,* 45 AD3d 525 [2007]).

The affirmed magnetic resonance imaging report of Dr. Elizabeth P. Maltin, the plaintiff's radiologist, merely established that as of June 13, 2005, the plaintiff showed evidence of degenerative cervical spondylosis at C5-6 and C6-7, with a herniated disc at C6-7. Initially, the mere existence of a herniated disc is not evidence of a serious injury in the absence of objective evidence of the extent of the alleged physical limitations resulting from the disc injury and its duration (*see Casco v Cocchiola,* 62 AD3d 640 [2009]; *Sealy v Riteway-1, Inc.,* 54 AD3d 1018 [2008]; *Kilakos v Mascera,* 53 AD3d 527 [2008]; *Cerisier v Thibiu,* 29 AD3d 507 [2006]; *Bravo v Rehman,* 28 AD3d 694 [2006]; *Kearse v New York City Tr. Auth.,* 16 AD3d 45, 49-50 [2005]). Furthermore, Dr. Maltin never set forth her opinion on the cause of findings she made in her report, especially her finding of a disc herniation at C6-7 (*see Collins v Stone,* 8 AD3d 321, 322 [2004]).

The plaintiff also failed to submit any competent medical evidence that the injuries she allegedly sustained in the subject accident rendered her unable to perform substantially all of her daily activities for not less than 90 days of the first 180 days subsequent to the subject accident (*see Roman v Fast Lane Car Serv., Inc.,* 46 AD3d 535 [2007]; *Sainte-Aime v Ho,* 274 AD2d 569 [2000]). She admitted in her deposition testimony that she returned to work full time on July 25, 2005, approximately 1½ months after the accident (*see Kin Chong Ku v Baldwin-Bell,* 61 AD3d 938 [2009]; *Camacho v Dwelle,* 54 AD3d 706 [2008]). Skelos, J.P., Florio, Balkin, Belen and Austin, JJ., concur.