■ CURTIS CLARKE, Appellant, v ADELICION DELACRUZ, Respondent. [900 NYS2d 669]—

In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Kramer, J.), dated May 19, 2009, as granted that branch of the defendant's motion which was for summary judgment dismissing the first cause of action to recover damages for personal injuries on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant met his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]; *see also Kearse v New York City Tr. Auth.*, 16 AD3d 45, 49-50 [2005]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether he sustained such an injury within the meaning of the statute. The plaintiff failed to raise a triable issue of fact as to whether he sustained a serious injury under the permanent loss, permanent consequential limitation, or significant limitation of use categories of Insurance Law § 5102 (d) since he did not submit any medical evidence that was based on a recent examination of him (*see Kin Chong Ku v Baldwin-Bell*, 61 AD3d 938 [2009]; *Diaz v Lopresti*, 57 AD3d 832, 832-833 [2008]; *Soriano v Darrell*, 55 AD3d 900, 900-901 [2008]; *Diaz v Wiggins*, 271 AD2d 639, 640 [2000]; *Kauderer v Penta*, 261 AD2d 365, 366 [1999]; *Marin v Kakivelis*, 251 AD2d 462, 463 [1998]).

Moreover, the plaintiff failed to submit competent medical evidence that the injuries he allegedly sustained in the subject accident rendered him unable to perform substantially all of his usual and customary daily activities for not less than 90 days of

the first 180 days subsequent to the subject accident (*see Little v Locoh*, 71 AD3d 837, 838 [2010]; *Sainte-Aime v Ho*, 274 AD2d 569, 570 [2000]). As part of the plaintiff's opposition, he relied on the reports of his treating physician, Dr. Adam C. Carter. In one such report, based on an examination of the plaintiff on August 29, 2007, Dr. Carter noted that the plaintiff worked as a salesperson and certified personal trainer at the time of the subject accident, and missed only three days of work. In his followup report, based on an examination of the plaintiff on September 17, 2007, he noted that the plaintiff was "currently working full duty." Fisher, J.P., Covello, Angiolillo, Leventhal and Roman, JJ., concur.