■ FEGANS JEAN, Respondent, et al., Plaintiffs, v ANN LABIN-NATOCHENNY, Appellant. [909 NYS2d 103]—

In an action to recover damages for personal injuries, the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Cullen, J.), entered May 6, 2009, as denied that branch of her motion which was for summary judgment dismissing the complaint insofar as asserted by the plaintiff Fegans Jean on the ground that that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint insofar as asserted by the plaintiff Fegans Jean on the ground that that plaintiff did not

sustain a serious injury within the meaning of Insurance Law § 5102 (d) is granted.

The defendant met her prima facie burden of showing that the plaintiff Fegans Jean (hereinafter the plaintiff) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In opposition, the plaintiff failed to raise a triable issue of fact.

The plaintiff failed to raise a triable issue of fact as to whether he sustained a serious injury to his right knee under the permanent loss of use, the permanent consequential limitation of use, and/or the significant limitation of use categories of Insurance Law § 5102 (d), since he failed to set forth any objective medical findings from a recent examination concerning his right knee (*see Clarke v Delacruz*, 73 AD3d 965 [2010]; *Kin Chong Ku v Baldwin-Bell*, 61 AD3d 938 [2009]; *Diaz v Lopresti*, 57 AD3d 832, 832-833 [2008]; *Soriano v Darrell*, 55 AD3d 900, 900-901 [2008]; *Diaz v Wiggins*, 271 AD2d 639, 640 [2000]; *Kauderer v Penta*, 261 AD2d 365, 366 [1999]; *Marin v Kakivelis*, 251 AD2d 462, 463 [1998]). Moreover, the only testing done on the plaintiff's right knee during the period of time immediately after the subject accident was on July 12, 2005, and testing conducted on that date by Dr. Jean-Marie L. Francois revealed only that the range of motion of the plaintiff's right knee was "limited when right knee flexion and extension are tested." Dr. Francois failed to quantify any such limitation, and there was no qualitative assessment of the right knee contained in Dr. Francois's affirmation (*see Toure v Avis Rent A Car Sys.*, 98 NY2d at 350; *Robinson-Lewis v Grisafi*, 74 AD3d 774 [2010]; *Ortiz v Ianina Taxi Servs., Inc.*, 73 AD3d 721 [2010]; *Acosta v Alexandre*, 70 AD3d 735 [2010]; *Giannini v Cruz*, 67 AD3d 638, 639 [2009]; *Taylor v Flaherty*, 65 AD3d 1328 [2009]; *Barnett v Smith*, 64 AD3d 669, 671 [2009]). In addition, the plaintiff admitted during his deposition that he did not miss a single day of work as a result of the subject accident and, thus, was not prevented from performing substantially all of the material acts which constituted his usual and customary daily activities for not less than 90 of the first 180 days immediately following the accident (hereinafter the 90/180-day category). Accordingly, the plaintiff failed to raise a triable issue of fact under the 90/180-day category of Insurance Law § 5102 (d) with respect to the injury to his right knee.

With respect to the alleged injuries to the cervical and lumbar regions of the plaintiff's spine, the plaintiff also failed to raise a

triable issue of fact as to whether those injuries were "serious" with the meaning of Insurance Law § 5102 (d). Rivera, J.P., Covello, Eng, Leventhal and Austin, JJ., concur.