■ EMILY LIVELY et al., Appellants, v NATALIE FERNANDEZ, Respondent. [925 NYS2d 650]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Siegal, J.), entered November 9, 2009, as granted that branch of the defendant's cross motion which was for summary judgment dismissing the complaint insofar as asserted by the plaintiff Michael Lively on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the appeal by the plaintiff Emily Lively is dismissed, as she is not aggrieved by the portion of the order appealed from (*see* CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as appealed from by the plaintiff Michael Lively; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The defendant met her prima facie burden of showing that the plaintiff Michael Lively (hereinafter the plaintiff) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The limitation noted in the range of motion of the plaintiff's cervical spine during the examination conducted by the defendant's examining neurologist was insig-

nificant within the meaning of Insurance Law § 5102 (d) (see *Licari v Elliott*, 57 NY2d 230 [1982]; *see also Casco v Cocchiola*, 62 AD3d 640 [2009]; *Waldman v Dong Kook Chang*, 175 AD2d 204 [1991]).

In opposition, the plaintiff failed to raise a triable issue of fact. The affirmation of the plaintiff's treating physician, Dr. Mitchell Goldstein, failed to raise a triable issue of fact as to whether the plaintiff sustained a serious injury under the permanent consequential limitation of use category of Insurance Law § 5102 (d) since Dr. Goldstein failed to set forth any objective medical findings from a recent examination (see *Jean v Labin-Natochenny*, 77 AD3d 623 [2010]; *Clarke v Delacruz*, 73 AD3d 965 [2010]; *Kin Chong Ku v Baldwin-Bell*, 61 AD3d 938 [2009]; *Diaz v Lopresti*, 57 AD3d 832, 832-833 [2008]; *Soriano v Darrell*, 55 AD3d 900, 900-901 [2008]; *Diaz v Wiggins*, 271 AD2d 639, 640 [2000]; *Kauderer v Penta*, 261 AD2d 365, 366 [1999]; *Marin v Kakivelis*, 251 AD2d 462, 463 [1998]).

Moreover, while a significant limitation of use of a body function or member "need not be permanent in order to constitute a 'serious injury,' . . . any assessment of the 'significance' of a bodily limitation necessarily requires consideration not only of the extent or degree of the limitation, but of its duration as well" (*Partlow v Meehan*, 155 AD2d 647, 647-648 [1989]), notwithstanding the fact that Insurance Law § 5102 (d) "does not expressly set forth any temporal requirement for a 'significant limitation' " (*id.* at 648). Here, Dr. Goldstein's affirmation, in which he opined that the plaintiff sustained significant limitations of motion in the cervical and lumbar regions of his spine, is based on only one examination of the plaintiff, conducted shortly after the accident. Under these circumstances, where Dr. Goldstein failed to establish that he examined the plaintiff after that one examination, his affirmation was insufficient to raise a triable issue of fact as to whether these limitations existed for a sufficient period of time to rise to the level of "significance" and, thus, whether the plaintiff sustained a significant limitation of use of a body function or member.

The magnetic resonance imaging reports of Dr. Robert Diamond were insufficient to raise a triable issue of fact since they were unaffirmed and, thus, in inadmissible form (see *Grasso v Angerami*, 79 NY2d 813 [1991]; *Pierson v Edwards*, 77 AD3d 642 [2010]; *Vasquez v John Doe #1*, 73 AD3d 1033 [2010]).

Furthermore, the plaintiff failed to adequately explain the cessation of his treatment after 2007 (see *Pommells v Perez*, 4 NY3d 566, 574 [2005]; *Vasquez v John Doe #1*, 73 AD3d at 1034; *Haber v Ullah*, 69 AD3d 796 [2010]).

Lastly, the plaintiff failed to raise a triable issue of fact as to whether his injuries prevented him from performing substantially all of his usual and customary daily activities during at least 90 of the first 180 days following the subject accident (*see McLoud v Reyes*, 82 AD3d 848 [2011]; *Roman v Fast Lane Car Serv., Inc.*, 46 AD3d 535 [2007]; *Sainte-Aime v Ho*, 274 AD2d 569 [2000]). Skelos, J.P., Covello, Balkin and Austin, JJ., concur.