■ GABRIEL VALERA et al., Appellants, v BALWINDER SINGH, Defendant/Third-Party Plaintiff-Respondent. ZOBEIDA VALERA, Third-Party Defendant-Respondent. [932 NYS2d 530]—

Contrary to the plaintiffs' assertion, the defendant/third-party plaintiff and the third-party defendant met their prima facie burdens of showing on their respective motion and cross motion that the plaintiffs did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In opposition, the plaintiffs failed to raise a triable issue of fact.

The plaintiffs failed to raise a triable issue of fact as to whether either one of them sustained a serious injury under the permanent loss, the permanent consequential limitation of use, or the significant limitation of use categories of Insurance Law § 5102 (d), since they failed to set forth any objective medical findings from a recent examination (*see Rovelo v Volcy*, 83 AD3d 1034 [2011]; *Jean v Labin-Natochenny*, 77 AD3d 623 [2010]; *Clarke v Delacruz*, 73 AD3d 965 [2010]; *Kin Chong Ku v Baldwin-Bell*, 61 AD3d 938 [2009]; *Diaz v Lopresti*, 57 AD3d 832, 832-833 [2008]; *Soriano v Darrell*, 55 AD3d 900, 900-901 [2008]; *Mejia v DeRose*, 35 AD3d 407 [2006]; *Diaz v Wiggins*, 271 AD2d 639, 640 [2000]; *Kauderer v Penta*, 261 AD2d 365, 366 [1999]; *Marin v Kakivelis*, 251 AD2d 462, 463 [1998]).

The plaintiffs further failed to raise a triable issue of fact as to whether their respective injuries prevented them from performing substantially all of their usual and customary daily activities during at least 90 of the first 180 days following the subject accident (*see McLoud v Reyes*, 82 AD3d 848 [2011]; *Roman v Fast Lane Car Serv., Inc.*, 46 AD3d 535 [2007]; *Sainte-Aime v Ho*, 274 AD2d 569 [2000]). The plaintiff Gabriel Valera testified at his deposition that he missed, at most, one to two days of work as a result of the accident, and the plaintiff Ani

Valera testified at her deposition that she missed no time from work as a result of the accident.

The plaintiffs' remaining contention has been rendered academic in light of our determination. Angiolillo, J.P., Florio, Leventhal and Cohen, JJ., concur.