■ ANCIL GRIFFITHS, Respondent, et al., Plaintiff, v ALEX MU-NOZ et al., Appellants. [950 NYS2d 787]—

In an action to recover damages for personal injuries, the defendants Alex Munoz and Brielle Vodovoz appeal, and the defendants Mohamed Namous and Followme Transit, Inc., separately appeal, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated September 27, 2011, as denied those branches of their respective motions which were for summary judgment dismissing the complaint insofar as asserted against each of them by the plaintiff Ancil Griffiths on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, and those branches of the defendants' respective motions which were for summary judgment dismissing the complaint insofar as asserted against each of them by the plaintiff Ancil Griffiths are granted.

The defendants met their prima facie burden of showing that the plaintiff Ancil Griffiths (hereinafter the injured plaintiff),

who allegedly sustained certain injuries to the cervical and lumbar regions of his spine, as well as to his right knee, as a result of the subject accident, did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendants submitted evidence establishing that the alleged injuries to the cervical and lumbar regions of the injured plaintiff's spine and his right knee did not constitute a serious injury under the permanent consequential limitation of use and the significant limitation of use categories of Insurance Law § 5102 (d) (*see Staff v Yshua*, 59 AD3d 614 [2009]; *Rodriguez v Huerfano*, 46 AD3d 794, 795 [2007]). The defendants also established that the injured plaintiff did not sustain a medically determined injury or impairment that prevented him from performing substantially all of the material acts constituting his customary daily activities during at least 90 of the first 180 days following the subject accident (*see McIntosh v O'Brien*, 69 AD3d 585, 586 [2010]).

In opposition, the injured plaintiff failed to raise a triable issue of fact as to whether the alleged injuries to the cervical and lumbar regions of his spine constituted a serious injury under the permanent consequential limitation of use category of Insurance Law § 5102 (d), as he did not offer any objective medical findings from a recent examination of those regions of his spine (*see Lively v Fernandez*, 85 AD3d 981 [2011]). Moreover, "while a significant limitation of use of a body function or member need not be permanent in order to constitute a 'serious injury,' . . . any assessment of the 'significance' of a bodily limitation necessarily requires consideration not only of the extent or degree of limitation, but of its duration as well, notwithstanding the fact that Insurance Law § 5102 (d) does not expressly set forth any temporal requirement for a 'significant limitation' " (*id.* at 982, quoting *Partlow v Meehan*, 155 AD2d 647, 648 [1989] [some internal quotation marks and citation omitted]). Here, in opposition to the defendants' prima facie showing that the injured plaintiff did not sustain a "significant limitation" of use of the cervical or lumbar regions of his spine, the injured plaintiff relied solely on records of three medical examinations, all of which were conducted shortly after the accident. These records were insufficient to raise a triable issue of fact as to whether the alleged limitations in the range of motion of the cervical and lumbar regions of the injured plaintiff's spine existed for a sufficient period of time to rise to the level of "significance" and, thus, whether the injured plaintiff sustained a significant limitation of use of a body function or system (*see Lively v Fernandez*, 85 AD3d at 982).

The injured plaintiff also failed to raise a triable issue of fact as to whether the alleged injury to his right knee was caused by the subject accident, as he did not seek medical treatment for his right knee for approximately 10 months after the accident. "[A] contemporaneous doctor's report is important to proof of causation" (*Perl v Meher*, 18 NY3d 208, 217-218 [2011] [emphasis deleted]). The absence of a contemporaneous medical report invites speculation as to causation. The plaintiff also failed to raise a triable issue of fact as to whether he sustained a serious injury under the 90/180-day category of Insurance Law § 5102 (d) (*see McIntosh v O'Brien*, 69 AD3d at 587).

Accordingly, those branches of the defendants' respective motions which were for summary judgment dismissing the complaint insofar as asserted against each of them by the injured plaintiff should have been granted. Dillon, J.P., Balkin, Belen and Austin, JJ., concur.