In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens *731 County (Nelson, J.), entered October 27, 2011, which granted the motion of the defendant Herminio Carrao, Jr., and the separate motion of the defendants Ligia Franco and Hugo Toledo for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that the infant plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.
Ordered that the order is reversed, on the law, with one bill of costs payable by the defendant Herminio Carrao, Jr., and the defendants Ligia Franco and Hugo Toledo, and the motion of the defendant Herminio Carrao, Jr., and the separate motion of the defendants Ligia Franco and Hugo Toledo, for summary judgment dismissing the complaint insofar as asserted against each of them are denied.
The defendant Herminio Carrao, Jr., and the defendants Ligia Franco and Hugo Toledo (hereinafter collectively the respondents), established their prima facie entitlement to judgment as a matter of law by submitting evidence, including a transcript of the infant plaintiffs deposition testimony and the affirmation of their examining medical expert, Daniel Feuer, that the infant plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345, 351-352 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]; Fest v Agnew, 68 AD3d 1051 [2009]).
In opposition, the plaintiffs submitted the affirmation of Scott Gray, a physician who treated the infant plaintiff for more than one year, commencing approximately a month after the subject accident. Gray set forth quantitative findings from his initial examination and from his latest examination of the infant plaintiff, both of which revealed substantial range-of-motion limitations in the cervical and lumbar regions of the infant plaintiffs spine. Since the second set of quantitative findings was not from a recent examination of the infant plaintiff, this evidence did not raise a triable issue of fact as to whether the alleged injuries constituted a serious injury under the permanent consequential limitation of use category of Insurance Law § 5102 (d) (see Griffiths v Munoz, 98 AD3d 997, 998 [2012]; Lively v Fernandez, 85 AD3d 981, 982 [2011]).
However, “a ‘significant limitation’ need not be permanent in order to constitute a ‘serious injury’ ” (Partlow v Meehan, 155 AD2d 647, 647 [1989], quoting Insurance Law § 5102 [d]). “[A]ny assessment of the significance of a bodily limitation necessarily requires consideration not only of the extent or degree of limitation, but of its duration as well, notwithstanding the *732 fact that Insurance Law § 5102 (d) does not expressly set forth any temporal requirement for a significant limitation” (Griffiths v Munoz, 98 AD3d at 998 [internal quotation marks and citations omitted]; see Lively v Fernandez, 85 AD3d at 982; Partlow v Meehan, 155 AD2d at 648). Here, Gray’s quantitative findings from the two examinations raised a triable issue of fact as to whether, as a result of the subject accident, the infant plaintiff sustained a significant limitation of use in the cervical and lumbar regions of his spine both in the degree of limitation and its duration (cf. Griffiths v Munoz, 98 AD3d at 998; Lively v Fernandez, 85 AD3d at 982). Accordingly, the Supreme Court should have denied the respondents’ motions for summary judgment dismissing the complaint insofar as asserted against each of them. Angiolillo, J.P., Balkin, Austin and Miller, JJ., concur.