■ PRUDENCIA Q. SILAN, Appellant, v GLEN A. SYLVESTER, Respondent. [996 NYS2d 170]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Siegal, J.), dated September 12, 2013, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

The defendant failed to meet his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The papers submitted by the defendant failed to adequately address the plaintiff's claim, set forth in the bill of particulars, that she sustained a serious injury to her left shoulder under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (*see generally Staff v Yshua*, 59 AD3d 614 [2009]).

Since the defendant did not sustain his prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (*see Che Hong Kim v Kossoff*, 90 AD3d 969 [2011]). Therefore, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint. Mastro, J.P., Chambers, Cohen and Barros, JJ., concur.