■ MUHAMED HUSSEIN, Appellant-Respondent, v EMPIRE PARATRANSIT CORP. et al., Respondents-Appellants. [998 NYS2d 648]—

In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Rothenberg, J.), dated January 24, 2013, as granted those branches of the defendants' motion which were for summary judgment dismissing the cause of action alleging that he sustained serious

injuries under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102 (d) as a result of the subject accident; the defendants cross-appeal, as limited by their brief, from so much of the same order as denied that branch of their motion which was for summary judgment dismissing the caus of action alleging that the plaintiff sustained a serious injury under the 90/180-day category of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed insofar as appealed from, on the law, and those branches of the defendants' motion which were for summary judgment dismissing the cause of action alleging that the plaintiff sustained serious injuries under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102 (d) as a result of the subject accident are denied; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

Contrary to the plaintiff's contention, the defendants' motion for summary judgment was timely, since it was made within 60 days of the completion of discovery in accordance with the Supreme Court's directive in an order dated January 5, 2012 (cf. McNally v Beva Cab Corp., 45 AD3d 820, 821 [2007]).

The defendants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). The papers submitted by the defendants failed to adequately address the plaintiff's claim, set forth in the bill of particulars, that as a result of the subject accident he sustained serious injuries to both wrists under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102 (d) (see Silan v Sylvester, 122 AD3d 713 [2014]; see generally Staff v Yshua, 59 AD3d 614 [2009]), serious injuries to the cervical and lumbar regions of his spine under the significant limitation of use category of Insurance Law § 5102 (d) (see Estrella v GEICO Ins. Co., 102 AD3d 730, 731-732 [2013]; Lively v Fernandez, 85 AD3d 981, 982 [2011]), and a serious injury under the 90/180-day category of Insurance Law § 5102 (d) (see Che Hong Kim v Kossoff, 90 AD3d 969, 969 [2011]).

Accordingly, the Supreme Court should have denied those branches of the defendants' motion which were for summary judgment dismissing the cause of action alleging that he

sustained serious injuries under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102 (d) as a result of the subject accident. Dillon, J.P., Dickerson, Roman and Sgroi, JJ., concur.