■ BRIAN NICHOLAS, Respondent, v STEPHEN C. LIU et al., Appellants, et al., Defendant. [22 NYS3d 904]—In an action to recover damages for personal injuries, the defendants Stephen C. Liu and Danny Chan Liu appeal from an order of the Supreme Court, Kings County (Ash, J.), dated March 11, 2015, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendants Stephen C. Liu and Danny Chan Liu for summary judgment dismissing the complaint insofar as asserted against them is granted.

The defendants Stephen C. Liu and Danny Chan Liu (hereinafter together the moving defendants) met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The moving defendants submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical and lumbar regions of the plaintiff's spine did not constitute a serious injury under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (*see Staff v Yshua*, 59 AD3d 614 [2009]).

In opposition, the plaintiff failed to raise a triable issue of fact as to whether his injuries constituted a serious injury under the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (*see Estrella v GEICO Ins. Co.*, 102 AD3d 730, 731 [2013]; *Griffiths v Munoz*, 98 AD3d 997, 998 [2012]; *Lively v Fernandez*, 85 AD3d 981, 982 [2011]).

Accordingly, the Supreme Court should have granted the moving defendants' motion for summary judgment dismissing the complaint insofar as asserted against them. RIVERA, J.P., DICKERSON, MALTESE and LASALLE, JJ., concur.