Harrison v Toyloy (2019 NY Slip Op 05518)





Harrison v Toyloy


2019 NY Slip Op 05518


Decided on July 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2017-13276
 (Index No. 706754/14)

[*1]Theodora Renee Harrison, appellant,
v
Andrea M. Toyloy, et al., respondents.


Belushin Law Firm, P.C., Brooklyn, NY (Vel Belushin of counsel), for appellant.
Russo & Toner, LLP, New York, NY (Alexandra L. Alvarez of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Allan B. Weiss, J.), dated May 25, 2017. The order denied the plaintiff's motion pursuant to CPLR 5015(a)(1) to vacate a prior order of the same court dated January 4, 2017, granting the defendants' unopposed motion for summary judgment dismissing the complaint.
ORDERED that the order dated May 25, 2017, is affirmed, with costs.
On December 26, 2013, the plaintiff allegedly was injured when a vehicle she was operating and a vehicle operated by the defendant Andrew Toyloy and owned by the defendant Andrea M. Toyloy (hereinafter together the defendants) collided at the intersection of Linden Boulevard and 167th Street in Queens. In September 2014, the plaintiff commenced this action against the defendants to recover damages for personal injuries. After discovery, the defendants moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident, and noticed the motion to be heard on October 11, 2016. On October 11, 2016, the motion was adjourned to December 5, 2016, at the plaintiff's request. On December 5, 2016, the Supreme Court denied the plaintiff's second request for an adjournment of the return date. By order dated January 4, 2017, the court granted the defendants' unopposed motion for summary judgment dismissing the complaint. By notice of motion dated February 21, 2017, the plaintiff moved pursuant to CPLR 5015(a)(1) to vacate the order dated January 4, 2017. By order dated May 25, 2017, the court denied the plaintiff's motion. The plaintiff appeals.
A party seeking to vacate an order entered upon his or her default in opposing a motion must demonstrate both a reasonable excuse for the default and a potentially meritorious opposition to the motion (see CPLR 5015[a][1]; Santos v Penske Truck Leasing Co., 105 AD3d 1029, 1029; Political Mktg., Int'l, Inc. v Jaliman, 67 AD3d 661, 661-662). "A motion to vacate a default is addressed to the sound discretion of the court" (Vujanic v Petrovic, 103 AD3d 791, 792).
The Supreme Court providently exercised its discretion in determining that the [*2]plaintiff failed to proffer a reasonable excuse for her default in opposing the defendants' motion for summary judgment. The plaintiff's attorney's affirmation in support of the motion contained conclusory and unsubstantiated allegations regarding his proffered excuse that he was unable to obtain a signed affidavit from the plaintiff and his additional excuse of expert unavailability (see Geffner v Mercy Med. Ctr., 167 AD3d 574, 574; Jin Chengri v Su Yonh Choi, 153 AD3d 911, 912; cf. Paul v Weatherwax, 146 AD3d 792, 793). The plaintiff's attorney failed to identify the expert by name, did not provide any details concerning his purported "reasonable efforts" to contact the expert, and failed to submit the affidavit of the expert in support of the plaintiff's motion to vacate. In addition, the court properly declined to consider the plaintiff's affidavit, which was improperly submitted for the first time in reply (see Duran v Milord, 126 AD3d 932, 933; Jackson-Cutler v Long, 2 AD3d 590, 590). In any event, the plaintiff failed to demonstrate a potentially meritorious opposition to the defendants' motion for summary judgment (see Valera v Singh, 89 AD3d 929, 930; see generally Perl v Meher, 18 NY3d 208, 218-219). Accordingly, the court providently exercised its discretion in denying the plaintiff's motion to vacate the order dated January 4, 2017, upon her default in opposing the defendants' motion for summary judgment dismissing the complaint.
CHAMBERS, J.P., COHEN, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court