Yoonjick Chung v Reed (2019 NY Slip Op 08651)





Yoonjick Chung v Reed


2019 NY Slip Op 08651


Decided on December 4, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 4, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2018-08594
 (Index No. 602403/16)

[*1]Yoonjick Chung, et al., appellants, et al., plaintiff,
v
Colin Alexander Reed, respondent.


Andrew Park, P.C., New York, NY, for appellants.
Sette & Apoznanski (Russo & Tambasco, Melville, NY [Susan J. Mitola], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiffs Yoonjick Chung and Thomas Chung appeal from an order of the Supreme Court, Nassau County (Sharon M.J. Gianelli, J.), entered May 18, 2018. The order, insofar as appealed from, granted those branches of the defendant's motion which were for summary judgment dismissing the complaint insofar as asserted by the plaintiffs Yoonjick Chung and Thomas Chung on the ground that neither of them sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendant's motion which was for summary judgment dismissing the complaint insofar as asserted by the plaintiff Thomas Chung, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiffs, Yoonjick Chung, Thomas Chung, and Keumok Chung, commenced this action to recover damages for personal injuries that each of them allegedly sustained in a motor vehicle accident on March 6, 2016. Thereafter, the defendant moved for summary judgment dismissing the complaint on the ground that each plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. By order entered May 18, 2018, the Supreme Court denied the motion as to Keumok Chung, and granted it as to Yoonjick Chung and Thomas Chung. The plaintiffs Yoonjick Chung and Thomas Chung appeal.
The defendant met his prima facie burden of showing that Yoonjick Chung and Thomas Chung each did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendant submitted competent medical evidence establishing, prima facie, that the alleged injuries to Yoonjick Chung's right shoulder and the lumbar region of his spine and the cervical and lumbar regions of Thomas Chung's spine did not constitute serious injuries under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d 614). The defendant also demonstrated, prima facie, that Yoonjick Chung and Thomas Chung each did not sustain a serious injury under the [*2]90/180-day category (see John v Linden, 124 AD3d 598, 599; Marin v Ieni, 108 AD3d 656, 657; Richards v Tyson, 64 AD3d 760, 761).
In opposition, the plaintiffs raised a triable issue of fact as to whether Thomas Chung sustained serious injuries to the cervical and lumbar regions of his spine under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102(d) (see Perl v Meher, 18 NY3d 208, 218-219). However, the plaintiffs failed to raise a triable issue of fact as to whether the alleged injuries to Yoonjick Chung's right shoulder and the lumbar region of his spine constituted serious injuries under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102(d) (see Estrella v GEICO Ins. Co., 102 AD3d 730, 731; Griffiths v Munoz, 98 AD3d 997, 998; Lively v Fernandez, 85 AD3d 981, 982). Further, the plaintiffs failed to raise a triable issue of fact as to whether Yoonjick Chung sustained a serious injury under the 90/180-day category.
Accordingly, we disagree with the Supreme Court's determination to grant that branch of the defendant's motion which was for summary judgment dismissing the complaint insofar as asserted by Thomas Chung, but agree with the court's determination to grant that branch of the defendant's motion which was for summary judgment dismissing the complaint insofar as asserted by Yoonjick Chung.
AUSTIN, J.P., DUFFY, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court