■ WALFORD BARRETT, Respondent, v DAVID JEANNOT et al., Appellants, et al., Defendant. [795 NYS2d 727]—

In an action to recover damages for personal injuries, the defendants David Jeannot and Menz Smith appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Ruchelsman, J.), dated June 2, 2004, as granted the plaintiff's motion for leave to reargue their prior motion for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), which was granted in an order of the same court dated February 9, 2004, and, upon reargument, vacated the prior order, denied their motion, and reinstated the complaint insofar as asserted against them, and the defendant Carlos Isaac separately appeals from the same order. Application by the defendant Carl Isaac for leave to withdraw his appeal.

Ordered that the application is granted and the appeal by the

defendant Carlos Isaac is dismissed as withdrawn; and it is further,

Ordered that the order is affirmed insofar as appealed from by the defendants David Jeannot and Menz Smith; and it is further,

Ordered that one bill of costs is awarded to the plaintiff payable by the defendants David Jeannot and Menz Smith.

The plaintiff made a satisfactory demonstration of the manner in which the Supreme Court overlooked or misapprehended matters of fact or law in rendering its original decision. Accordingly, the Supreme Court providently exercised its discretion in granting the plaintiff's motion for leave to reargue (*see* CPLR 2221 [d] [2]).

Moreover, upon reargument, the Supreme Court properly denied the motion of the defendants David Jeannot and Menz Smith (hereinafter the defendants) for summary judgment dismissing the complaint insofar as asserted against them. The affirmations of the defendants' medical experts were insufficient to establish a prima facie showing that the plaintiff did not sustain a serious injury (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). The defendants' examining orthopedist failed to " 'set forth the objective test or tests performed' supporting [his] claims that there was no limitation of range of motion" (*Black v Robinson*, 305 AD2d 438 [2003], quoting *Gamberg v Romeo*, 289 AD2d 525 [2001]; *see Zavala v DeSantis*, 1 AD3d 354 [2003]; *Junco v Ranzi*, 288 AD2d 440 [2001]), and the defendants' examining neurologist offered no opinion as to the limitations in functioning alleged by the plaintiff. Under these circumstances, we need not consider the sufficiency or insufficiency of the plaintiff's opposition papers (*see Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]; *Mariaca-Olmos v Mizrhy*, 226 AD2d 437 [1996]). Prudenti, P.J., Schmidt, Santucci, Luciano and Spolzino, JJ., concur.