■ MAGDALINA EXILUS et al., Respondents, v FRITZNER NICHOLAS et al., Appellants, et al., Defendant. [809 NYS2d 458]—

In an action to recover damages for personal injuries, etc., the defendants Fritzner Nicholas and Pierre Christopher appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Douglass, J.), dated October 27, 2004, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff Magdalina Exilus did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The appellants' submissions in support of their motion for summary judgment were insufficient to establish, prima facie, that the plaintiff did not sustain a serious injury as a result of

the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). The appellants' examining orthopedist failed to set forth the objective test or tests performed supporting his claim that there was no limitation of range of motion in the infant plaintiff's lumbar spine, cervical spine, or upper extremities (*see Barrett v Jeannot*, 18 AD3d 679 [2005]; *Zavala v DeSantis*, 1 AD3d 354 [2003]; *Black v Robinson*, 305 AD2d 438 [2003]). Similarly, while the appellants' examining neurologist opined that all of the infant plaintiff's joints, extremities, and vertebral segments exhibited complete, free, and painless range of motion (cervical through lumbar), the neurologist did not specify the objective tests used to arrive at those conclusions.

Since the appellants failed to establish their entitlement to judgment as a matter of law, we need not consider whether the plaintiffs' opposition papers were sufficient to raise a triable issue of fact (*see Lesane v Tejada*, 15 AD3d 358 [2005]; *Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]). Adams, J.P., Ritter, Goldstein, Skelos and Dillon, JJ., concur.