■ ANDRE GIBBS et al., Plaintiffs, and TYSHEKA WIGGINS, Respondent, v HEE HONG et al., Appellants. [881 NYS2d 415]—

Order, Supreme Court, Bronx County (Mary Ann Brigantti-Hughes, J.), entered January 16, 2008, which, insofar as appealed from, denied defendants' motion for summary judgment dismissing the complaint as to plaintiff-respondent, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint.

Defendants sustained their prima facie burden of establishing that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) by submitting the affirmed reports of their expert orthopedist, indicating that plaintiff had normal range of motion in her right knee and that any injury had resolved, and of their expert radiologist, stating that there was no evidence of acute traumatic injury to the knee (*see Perez v Rodriguez*, 25 AD3d 506, 508 [2006]). Plaintiff's response failed to raise a triable issue of fact. The finding of a torn meniscus by plaintiff's radiologist in an MRI taken shortly after the May 2006 accident does not rebut the finding of defendant's orthopedist, based on his May 2008 examination of plaintiff, of a resolved contusion and no disability (*see Dembele v Cambisaca*, 59 AD3d 352, 352 [2009]; *Hoisington v Santos*, 48 AD3d 333, 334 [2008]); a torn meniscus, standing alone, is not evidence of a serious injury (*Dembele*). Moreover, plaintiff's radiologist did not link the torn meniscus to plaintiff's accident and indeed offered no opinion on causation whatsoever (*see id.*; *Medley v Lopez*, 7 AD3d 470 [2004]). Nor is an issue of fact raised by the report of plaintiff's treating physician of her August 2008 reexamination of plaintiff, where the report does not identify

the objective tests she used to measure plaintiff's range of motion, does not explain the improvement in the range of motion in plaintiff's knee over the course of her treatment, and otherwise fails to indicate the significance of plaintiff's limitations (*see Dembele*; *Nagbe v Minigreen Hacking Group*, 22 AD3d 326, 327 [2005]). Plaintiff's statements that she could not run, go upstairs, or stand for very long do not constitute the loss of "substantially all" of plaintiff's usual activities required to make a showing of serious injury (*see Dembele*). Concur—Gonzalez, P.J., Sweeny, Buckley, Renwick and Freedman, JJ.