■ Rolita James, Respondent, v Robert G. Goodlett et al., Appellants. [888 NYS2d 46]—

Order, Supreme Court, Bronx County (Sallie Manzanet-Daniels, J.), entered May 1, 2009, which, in an action for personal injuries sustained in a car accident, after a trial solely on the issue of damages, granted plaintiff's motion to set aside the verdict finding that she did not suffer a serious injury and directed a new trial, unanimously reversed, on the facts, without costs, plaintiff's motion denied and the verdict reinstated.

The jury's verdict was reasonable under the circumstances. Indeed, plaintiff's treating physician testified that while he at first suspected that the locking condition that immediately necessitated plaintiff's October 2001 surgery was caused by a "loose body" of cartilage that had loosened from the "small bone bruise" caused by the accident and detected in the April 2001 MRI, the pathology report established, and plaintiff's physician conceded, that the loose body was "fibrous tissue with degeneration" that was neither cartilage nor bone. Also consistent with an inference of preexisting degenerative disease was plaintiff's physician's testimony that when he first saw plaintiff two months after the accident, she had "a good functional [95%] range of motion . . . but not totally normal." Alternatively, based on plaintiff's physician's testimony that by October 2002 plaintiff was finishing up with therapy and had good range of motion with no complaints of discomfort, the jury could have fairly concluded (*see McDermott v Coffee Beanery, Ltd.*, 9 AD3d 195, 206-207 [2004]) that any injury to the right knee had resolved (*see Gibbs v Hee Hong*, 63 AD3d 559, 559 [2009]), and that the torn meniscus, first experienced in March 2003 while plaintiff was teaching dance, was unrelated to the accident. Concur—Gonzalez, P.J., Andrias, Saxe and Renwick, JJ.