■ CHRISTELLE DURAND, Appellant, v GERALD URICK, Respondent. [15 NYS3d 475]—In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Diamond, J.), entered September 8, 2014, as granted the defendant's motion for summary judgment dismissing the complaint on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant met his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendant submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical and lumbar regions of the plaintiff's spine did not constitute serious injuries under the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (*see Staff v Yshua*, 59 AD3d 614 [2009]).

In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff submitted reports from treating physicians who concluded that she suffered from range-of-motion limitations as a result of the subject accident. However, the reports do not identify any objective tests or tests which were utilized to measure range of motion, and thus do not support the limitation conclusion (*see Gibbs v Hee Hong*, 63 AD3d 559 [2009]; *Exilus v Nicholas*, 26 AD3d 457, 458 [2006]; *Barrett v Jeannot*, 18 AD3d 679 [2005]; *Zavala v DeSantis*, 1 AD3d 354 [2003]; *Black v Robinson*, 305 AD2d 438 [2003]; *see also Bacon v Bostany*, 104 AD3d 625, 627 [2013]). Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Dillon, J.P., Leventhal, Roman, Sgroi and Hinds-Radix, JJ., concur.