■ WILLIAM SCHILLING, Appellant, v CONCEPCION LABRADOR, Defendant, and JOSEPH GELFAND et al., Respondents. [25 NYS3d 331]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Diamond, J.), entered June 16, 2014, as granted the motion of the defendants Joseph Gelfand and Michael Gelfand for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident and denied, as academic, his cross motion for summary judgment on the issue of liability against the defendants Joseph Gelfand and Michael Gelfand.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendants Joseph Gelfand and Michael Gelfand (hereinafter together the Gelfand defendants) met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). The Gelfand defendants submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical and lumbar regions of the plaintiff's spine and to the plaintiff's hips did not constitute serious injuries under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (see Staff v Yshua, 59 AD3d 614 [2009]). In addition, the Gelfand defendants submitted competent medical evidence establishing, prima facie, that the alleged injuries to the plaintiff's hips were not caused by the accident but, instead, were degenerative in nature (see Gouvea v Lesende, 127 AD3d 811 [2015]; Fontana v Aamaar & Maani Karan Tr. Corp., 124 AD3d 579 [2015]).

In opposition, the plaintiff failed to raise a triable issue of fact as to whether the alleged injuries to his hips constituted a serious injury under the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d). The plaintiff submitted an affirmation from his treating physician, who concluded that the plaintiff's hips suffered from range-of-motion limitations as a result of the subject accident. However, the affirmation does not identify the objec-

tive tests which were utilized to measure range of motion and, thus, does not support the limitation conclusion (*see Durand v Urick*, 131 AD3d 920 [2015]; *Gibbs v Hee Hong*, 63 AD3d 559 [2009]; *Exilus v Nicholas*, 26 AD3d 457, 458 [2006]; *Barrett v Jeannot*, 18 AD3d 679, 680 [2005]; *Zavala v DeSantis*, 1 AD3d 354, 355 [2003]; *Black v Robinson*, 305 AD2d 438 [2003]; *cf. Bacon v Bostany*, 104 AD3d 625, 627 [2013]).

Moreover, the plaintiff failed to raise a triable issue of fact as to whether the alleged injuries to the cervical and lumbar regions of his spine constituted a serious injury under the permanent consequential limitation of use category of Insurance Law § 5102 (d), as he did not offer any objective medical findings from a recent examination of those regions of his spine (*see Estrella v GEICO Ins. Co.*, 102 AD3d 730, 731 [2013]; *Griffiths v Munoz*, 98 AD3d 997, 998 [2012]; *Lively v Fernandez*, 85 AD3d 981, 982 [2011]).

Further, "while a significant limitation of use of a body function or member need not be permanent in order to constitute a serious injury, . . . any assessment of the significance of a bodily limitation necessarily requires consideration not only of the extent or degree of the limitation, but of its duration as well, notwithstanding the fact that Insurance Law § 5102 (d) does not expressly set forth any temporal requirement for a significant limitation" (*Lively v Fernandez*, 85 AD3d at 982 [internal quotation marks and citations omitted]; *see Partlow v Meehan*, 155 AD2d 647, 647-648 [1989]). As the plaintiff submitted objective medical findings from only one examination of the cervical and lumbar regions of his spine that was conducted shortly after the accident, he failed to raise a triable issue of fact as to whether these alleged injuries constituted a serious injury under the significant limitation of use category of Insurance Law § 5102 (d) (*see Griffiths v Munoz*, 98 AD3d at 998; *Lively v Fernandez*, 85 AD3d at 982).

Accordingly, the Supreme Court properly granted the Gelfand defendants' cross motion for summary judgment dismissing the complaint insofar as asserted against them, and properly denied, as academic, the plaintiff's cross motion for summary judgment on the issue of liability against the Gelfand defendants. Rivera, J.P., Leventhal, Sgroi and Hinds-Radix, JJ., concur.