Second Department, August, 2016

(August 3, 2016)

■ Al Bayk, Appellant, v Ronald Martini et al., Respondents. [35 NYS3d 923]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Rebolini, J.), dated August 3, 2015, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is affirmed, with costs.

The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendants submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical and lumbar regions of the plaintiff's spine did not constitute serious injuries under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (*see Staff v Yshua*, 59 AD3d 614 [2009]).

In opposition, the plaintiff failed to raise a triable issue of fact as to whether the alleged injuries to the cervical and lumbar regions of his spine constituted a serious injury under the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d). The plaintiff submitted an affirmed report from his treating physician, who concluded that the cervical and lumbar regions of the plaintiff's spine sustained range-of-motion limitations as a result of the subject accident. However, the affirmed report fails to identify the objective tests that were utilized to measure range of motion and, thus, does not support the limitation conclusion (*see Schilling v Labrador*, 136 AD3d 884, 884-885

[2016]; *Durand v Urick*, 131 AD3d 920 [2015]; *Gibbs v Hee Hong*, 63 AD3d 559 [2009]; *Exilus v Nicholas*, 26 AD3d 457, 458 [2006]; *Barrett v Jeannot*, 18 AD3d 679, 680 [2005]; *Black v Robinson*, 305 AD2d 438, 439 [2003]; cf. *Bacon v Bostany*, 104 AD3d 625, 627 [2013]). Accordingly, the plaintiff failed to raise a triable issue of fact.

Therefore, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Rivera, J.P., Leventhal, Hinds-Radix and Brathwaite Nelson, JJ., concur.