■ MORGAN GOULET, Respondent, v JAMES P. ANASTASIO et al., Appellants. [48 NYS3d 731]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Brathwaite Nelson, J.), entered February 24, 2016, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On January 3, 2011, the plaintiff attempted to cross 36th

Avenue in the vicinity of its intersection with 38th Street in Queens. He entered the eastbound travel lane between the rear of a large truck and the front of another vehicle. He continued crossing the street and was struck in the westbound travel lane by a vehicle that was owned by the defendant Vanessa Vasquez and operated by the defendant James P. Anastasio. The plaintiff subsequently commenced this action against the defendants, alleging negligence and seeking to recover damages for his personal injuries. The defendants moved for summary judgment dismissing the complaint. The Supreme Court denied the motion, and the defendants appeal. We affirm.

The transcripts of the deposition testimony submitted by the defendants in support of their motion contained conflicting versions of where the accident occurred and whether the light controlling traffic on 36th Avenue was red or green. This conflicting deposition testimony supports different conclusions regarding fault (*compare* Vehicle and Traffic Law § 1111 [d] [1], *with* Vehicle and Traffic Law §§ 1151 [b]; 1152 [a], *and Balliet v North Amityville Fire Dept.*, 133 AD3d 559, 560 [2015]), and raises triable issues of fact about comparative negligence (*see Steiner v Dincesen*, 95 AD3d 877, 877-878 [2012]). Therefore, the defendants failed to establish their prima facie entitlement to judgment as a matter of law, as they failed to demonstrate the absence of triable issues of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint, regardless of the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d at 853). Eng, P.J., Leventhal, Cohen and Duffy, JJ., concur.