Stafford v Allied Bldg. Prods. Corp. (2018 NY Slip Op 06133)





Stafford v Allied Bldg. Prods. Corp.


2018 NY Slip Op 06133


Decided on September 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SANDRA L. SGROI
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2016-07192
 (Index No. 428/14)

[*1]Nekeisha Stafford, appellant, et al., plaintiff, 
v
Allied Building Products Corp., et al., respondents.


Wingate, Russotti, Shapiro & Halperin, LLP, New York, NY (Ephrem J. Wertenteil of counsel), for appellant.
McElroy, Deutsch, Mulvaney & Carpenter, LLP, New York, NY (M. Grace Sacro and Brian Battisti of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff Nekeisha Stafford appeals from an order of the Supreme Court, Kings County (Bert A. Bunyan, J.), dated May 18, 2016. The order, insofar as appealed from, denied her motion for summary judgment on the issue of liability and her separate motion for summary judgment dismissing the counterclaim asserted against her by the defendants.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiffs Nekeisha Stafford and Nicholette Stafford allegedly were injured when their vehicle collided with a vehicle that was owned by the defendant Allied Building Products Corp. and operated by the defendant Juan Popoter. The plaintiffs commenced this personal injury action against the defendants, and the defendants counterclaimed against Nekeisha for contribution or indemnification as a joint tortfeasor. Nekeisha subsequently testified at her deposition that the collision was caused by Popoter crossing into her lane of travel so that he could make a right-hand turn from the center lane of travel onto a side street. However, Popoter testified at his deposition that the collision was caused by Nekeisha improperly operating her vehicle in a parking lane on the right side of the roadway and colliding with his vehicle as he attempted to make the right-hand turn.
Nekeisha moved for summary judgment on the issue of liability and separately moved for summary judgment dismissing the counterclaim asserted against her. The Supreme Court denied the motions and Nekeisha appeals.
We agree with the Supreme Court's determination that Nekeisha was not entitled to summary judgment on her motions. The transcripts of the deposition testimony submitted in support of the motions contained conflicting versions of the accident that would support different conclusions regarding fault (see Goulet v Anastasio, 148 AD3d 783, 784; see generally Vehicle and Traffic Law §§ 1123, 1128, 1163). Therefore, Nekeisha failed to establish her prima facie [*2]entitlement to judgment as a matter of law, as she failed to demonstrate the absence of triable issues of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Cervantes v McDermott, 159 AD3d 669, 670).
Accordingly, we agree with the Supreme Court's denial of Nekeisha's motions for summary judgment, regardless of the sufficiency of the defendants' papers in opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
MASTRO, J.P., SGROI, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court