Fabian v County of Suffolk (2018 NY Slip Op 07093)





Fabian v County of Suffolk


2018 NY Slip Op 07093


Decided on October 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY, JJ.


2017-00393
 (Index No. 61164/13)

[*1]Jose R. Fabian, appellant, et al., plaintiff,
v
County of Suffolk, et al., respondents.


Cannon & Acosta, LLP, Huntington Station, NY (June Redeker of counsel), for appellant.
Mark A. Cuthbertson, Huntington, NY (Matthew DeLuca of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff Jose R. Fabian appeals from an order of the Supreme Court, Suffolk County (Denise F. Molia, J.), entered December 19, 2016. The order, insofar as appealed from, granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted by the plaintiff Jose R. Fabian on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiffs, Jose R. Fabian and Cindy Membreno, commenced this action to recover damages for personal injuries they each allegedly sustained in a motor vehicle accident that occurred on November 28, 2012, in Suffolk County. The defendants moved for summary judgment dismissing the complaint on the ground that each plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. The Supreme Court granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted by Fabian. Fabian appeals.
The defendants met their prima facie burden of showing that Fabian did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendants submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical and lumbar regions of Fabian's spine and his left shoulder did not constitute serious injuries under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d 614). In opposition, Fabian failed to raise a triable issue of fact (see Bayk v Martini, 142 AD3d 484; Schilling v Labrador, 136 AD3d 884, 884-885; Durand v Urick, 131 AD3d 920).
Accordingly, we agree with the Supreme Court's determination to grant that branch [*2]of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted by Fabian.
BALKIN, J.P., CHAMBERS, ROMAN, MALTESE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court