Fiorucci-Melosevich v Harris (2018 NY Slip Op 07410)





Fiorucci-Melosevich v Harris


2018 NY Slip Op 07410


Decided on November 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
CHERYL E. CHAMBERS
SANDRA L. SGROI
FRANCESCA E. CONNOLLY, JJ.


2017-02673
2018-12101
 (Index No. 708038/15)

[*1]Judith Fiorucci-Melosevich, appellant, 
v
Kiandra Arrietta Harris, et al., respondents.


Cannon & Acosta, LLP, Huntington Station, NY (June Redeker of counsel), for appellant.
Martyn, Toher, Martyn and Rossi, Mineola, NY (Jeffrey P. Yong of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Robert J. McDonald, J.), dated January 5, 2017, and (2) a judgment of the same court entered February 27, 2017. The order granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d). The judgment, upon the order, is in favor of the defendants and against the plaintiff dismissing the complaint.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the respondents.
The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
On July 2, 2014, the plaintiff and the defendant Kiandra Arrietta Harris were involved in a motor vehicle collision in a parking lot in Hempstead. Arrietta Harris's vehicle was owned by the defendant Keith I. Harris. The plaintiff commenced this action to recover damages for her injuries, alleging in the bill of particulars that she had sustained injuries to the cervical, thoracic, and lumbar regions of her spine. She also alleged that she sustained a serious injury under the 90/180-day category of Insurance Law § 5102(d).
On October 4, 2016, the defendants moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d). In support of their motion, the defendants submitted, inter alia, the plaintiff's deposition testimony, as well as the affirmation of an orthopedic surgeon who stated that, [*2]on June 10, 2016, he measured the range of motion of the cervical, thoracic, and lumbar regions of the plaintiff's spine using a goniometer, and that he found the results to be normal.
In opposition, the plaintiff submitted, inter alia, the affirmation of a physician who stated that he measured the range of motion of the cervical and lumbar regions of the plaintiff's spine at a recent examination and found significant restrictions. The plaintiff's physician did not specify the objective test he used to measure the plaintiff's range of motion.
By order dated January 5, 2017, the Supreme Court granted the defendants' motion for summary judgment dismissing the complaint, and on February 27, 2017, the court entered a judgment in favor of the defendants and against the plaintiff, dismissing the complaint. The plaintiff appeals.
The defendants submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical, thoracic, and lumbar regions of the plaintiff's spine did not constitute serious injuries under the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d 614). The defendants also submitted evidence demonstrating, prima facie, that the plaintiff did not sustain a serious injury under the 90/180-day category of Insurance Law § 5102(d) (see Anderson v Foley, 162 AD3d 965; Clemmer v Drah Cab Corp., 74 AD3d 660, 663; Ingram v Doe, 296 AD2d 530). In opposition, the plaintiff failed to raise a triable issue of fact (see Bayk v Martini, 142 AD3d 484, 484-85; Durand v Urick, 131 AD3d 920).
Accordingly, we agree with the Supreme Court's determination granting the defendants' motion for summary judgment dismissing the complaint.
LEVENTHAL, J.P., CHAMBERS, SGROI and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court