Prisco v Rinaldi (2018 NY Slip Op 08161)





Prisco v Rinaldi


2018 NY Slip Op 08161


Decided on November 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
SANDRA L. SGROI
HECTOR D. LASALLE, JJ.


2017-01053
 (Index No. 61078/14)

[*1]Patrick S. Prisco, appellant,
v
Rocco J. Rinaldi, respondent.


Doreen J. Shindel & Associates, P.C., Smithtown, NY (Lisa J. Borsella of counsel), for appellant.
DeSena & Sweeney, LLP, Bohemia, NY (Shawn P. O'Shaughnessy of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Martha L. Luft, J.), dated January 10, 2017. The order granted the defendant's motion for summary judgment dismissing the complaint and denied the plaintiff's cross motion for leave to amend the bill of particulars.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained in a motor vehicle accident. The defendant moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. The plaintiff cross-moved for leave to amend the bill of particulars so as to clarify that he was alleging that he sustained serious injuries under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102(d). The Supreme Court granted the defendant's motion and denied the plaintiff's cross motion. The plaintiff appeals.
The defendant met his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendant submitted competent medical evidence establishing, prima facie, that the alleged injuries to the plaintiff's left shoulder and the cervical region of his spine did not constitute serious injuries under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d 614). The defendant also demonstrated, prima facie, that the plaintiff did not sustain a serious injury under the 90/180-day category of Insurance Law § 5102(d) (see John v Linden, 124 AD3d 598, 599; Marin v Ieni, 108 AD3d 656, 657; Richards v Tyson, 64 AD3d 760, 761). In opposition, the plaintiff failed to raise a triable issue of fact (see Schilling v Labrador, 136 AD3d 884, 885; Griffiths v Munoz, 98 AD3d 997, 998; Lively v Fernandez, 85 AD3d 981, 982).
Accordingly, we agree with the Supreme Court's determination to grant the [*2]defendant's motion for summary judgment dismissing the complaint. Further, we agree with the court's determination to deny the plaintiff's cross motion for leave to amend the bill of particulars since the proposed amendment was patently devoid of merit (see Strunk v Paterson, 145 AD3d 700).
AUSTIN, J.P., ROMAN, SGROI and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court