Skuret v Yoyo Cab Corp. (2019 NY Slip Op 01116)





Skuret v Yoyo Cab Corp.


2019 NY Slip Op 01116


Decided on February 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2016-09774
2017-01484
 (Index No. 503492/13)

[*1]Patrick Skuret, appellant, 
v
Yoyo Cab Corp., et al., respondents.


Lisa M. Comeau, Garden City, NY, for appellant.
Gerber & Gerber, PLLC, Brooklyn, NY (Thomas Torto of counsel), for respondents
Yoyo Cab Corp. and Mahmoud A. Ghuraibi.
Eustace, Marquez, Epstein, Prezioso & Yapchanyk, New York, NY (Mischel & Horn, P.C. [Scott T. Horn and Lauren E. Bryant], of counsel), for respondent Daniel Skuret, Jr.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from two orders of the Supreme Court, Kings County (Genine D. Edwards, J.), dated July 29, 2016, and January 6, 2017, respectively. The order dated July 29, 2016, granted the motion of the defendant Daniel Skuret, Jr., for summary judgment dismissing the complaint insofar as asserted against him on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. The order dated January 6, 2017, granted the motion of the defendants Yoyo Cab Corp. and Mahmoud A. Ghuraibi for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the orders are affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.
The plaintiff commenced this action to recover damages for personal injuries that he allegedly sustained in a motor vehicle accident on July 1, 2010. The defendant Daniel Skuret, Jr., moved for summary judgment dismissing the complaint insofar as asserted against him on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. By order dated July 29, 2016, the Supreme Court granted the motion. Thereafter, the defendants Yoyo Cab Corp. and Mahmoud A. Ghuraibi moved for summary judgment dismissing the complaint insofar as asserted against them. By order dated January 6, 2017, the court granted that motion. The plaintiff appeals from both orders.
Skuret met his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). Skuret submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical and lumbar regions of the plaintiff's spine did not constitute serious injuries under the [*2]permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d 614).
In opposition, the plaintiff failed to raise a triable issue of fact as to whether the alleged injuries to the cervical and lumbar regions of his spine constituted a serious injury under the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d). The plaintiff submitted an affidavit from his treating physician, who concluded that the cervical and lumbar regions of the plaintiff's spine sustained range-of-motion limitations as a result of the subject accident. However, the affidavit failed to identify the objective tests which were utilized to measure range of motion and, thus, does not support the limitation conclusion (see Bayk v Martini, 142 AD3d 484; Schilling v Labrador, 136 AD3d 884, 884-885; Durand v Urick, 131 AD3d 920). Accordingly, we agree with the Supreme Court's determination to grant Skuret's motion for summary judgment dismissing the complaint insofar as asserted against him.
We also agree with the Supreme Court's determination to grant the subsequent motion of Yoyo Cab Corp. and Ghuraibi for summary judgment dismissing the complaint insofar as asserted against them. In granting Skuret's motion for summary judgment dismissing the complaint insofar as asserted against him, the court had already determined the merits of the issue of whether the plaintiff sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident (see Thomas v Dietrick, 284 AD2d 325).
AUSTIN, J.P., MALTESE, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court