Rojas v Linton (2019 NY Slip Op 01437)





Rojas v Linton


2019 NY Slip Op 01437


Decided on February 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2017-02614
 (Index No. 704914/13)

[*1]Santos A. Rojas, appellant,
v
Sheryll P. Linton, respondent.


William Pager, Brooklyn, NY, for appellant.
Richard T. Lau, Jericho, NY (Marcella Gerbasi Crewe of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Darrell L. Gavrin, J.), entered March 1, 2017. The order granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is affirmed, with costs.
The plaintiff and the defendant were involved in a motor vehicle collision at the intersection of Vermont Street and Riverdale Avenue in Brooklyn. The plaintiff commenced this action to recover damages for his injuries. In the bill of particulars, the plaintiff alleged injuries to the cervical and lumbar regions of his spine, and to his left shoulder. He also alleged that he sustained a serious injury under the 90/180-day category of Insurance Law § 5102(d).
The defendant moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d). In support, she submitted the affirmed report of an orthopedic surgeon, who measured the range of motion of the cervical and lumbar regions of the plaintiff's spine, and of the plaintiff's left shoulder, and compared those results to what would be considered normal range of motion. He concluded that the plaintiff had full range of motion. The defendant also submitted a transcript of the plaintiff's deposition testimony in support of her motion. The plaintiff testified that he did not miss any work as a result of the accident.
In opposition, the plaintiff submitted the affirmed report of a physician who had recently measured the range of motion of the cervical and lumbar regions of his spine, and found significant deficits. The plaintiff's physician did not identify the objective test he used to measure the plaintiff's range of motion.
The Supreme Court granted the defendant's motion for summary judgment dismissing the complaint. The plaintiff appeals.
The defendant met her prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendant submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical and lumbar regions of the plaintiff's spine, and to the plaintiff's left shoulder, did not constitute serious injuries under the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d 614). The defendant also submitted evidence demonstrating that the plaintiff did not sustain a serious injury under the 90/180-day category of Insurance Law § 5102(d) (see Anderson v Foley, 162 AD3d 965).
In opposition, the plaintiff failed to raise a triable issue of fact (see Durand v Urick, 131 AD3d 920; see also Bayk v Martini, 142 AD3d 484, 484-485; see generally Perl v Meher, 18 NY3d 208, 215-218). Therefore, we agree with the Supreme Court's determination granting the defendant's motion for summary judgment dismissing the complaint.
SCHEINKMAN, P.J., DILLON, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court