Zavala v Zizzo (2019 NY Slip Op 03403)





Zavala v Zizzo


2019 NY Slip Op 03403


Decided on May 1, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
ANGELA G. IANNACCI, JJ.


2018-01026
 (Index No. 100707/15)

[*1]Michael. Zavala, appellant, 
v
Wendy M. Zizzo, respondent.


Sim & Record, LLP, Bayside, NY (Sang J. Sim of counsel), for appellant.
Kelly, Rode & Kelly, LLP, Mineola, NY (Eric P. Tosca of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Charles M. Troia, J.), dated November 17, 2017. The order granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained in a motor vehicle accident. The defendant moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. The Supreme Court granted the motion, and the plaintiff appeals.
The defendant met her prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendant submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical and lumbar regions of the plaintiff's spine and the plaintiff's right shoulder did not constitute serious injuries under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d 614), and that, in any event, the alleged injuries were not caused by the accident (see Gouvea v Lesende, 127 AD3d 811; Fontana v Aamaar & Maani Karan Tr. Corp., 124 AD3d 579).
In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff submitted an affirmation from his treating physician, who concluded that the cervical and lumbar regions of the plaintiff's spine and the plaintiff's right shoulder sustained range-of-motion limitations as a result of the accident. However, the affirmation fails to identify the objective tests that were utilized to measure range of motion, and thus, does not support the limitation conclusion (see Bayk v Martini, 142 AD3d 484; Schilling v Labrador, 136 AD3d 884, 884-885; Durand v Urick, 131 AD3d 920). In addition, the affirmations of the plaintiff's treating physicians failed to address the findings of the defendant's radiologist that the alleged injuries to these body parts were degenerative [*2]in nature. Thus, the conclusions by the plaintiff's treating physicians as to causation were speculative and insufficient to raise a triable issue of fact (see Cavitolo v Broser, 163 AD3d 913, 914; Franklin v Gareyua, 136 AD3d 464, 465, 467, affd 29 NY3d 925; John v Linden, 124 AD3d 598, 599; Alvarez v NYLL Mgt. Ltd., 120 AD3d 1043, 1044, affd 24 NY3d 1191).
Accordingly, we agree with the Supreme Court's determination granting the defendant's motion for summary judgment dismissing the complaint.
RIVERA, J.P., CHAMBERS, COHEN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court