Cho v Demelo (2019 NY Slip Op 06467)





Cho v Demelo


2019 NY Slip Op 06467


Decided on September 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2018-00868
 (Index No. 712079/15)

[*1]Jennifer Cho, appellant, 
v
Allegra Demelo, et al., respondents.


Law Offices of Andrew Park, P.C., New York, NY (Steve J. Park of counsel), for appellant.
Abamont & Associates, Garden City, NY (Jonathan Hirschhorn of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Salvatore J. Modica, J.), entered December 6, 2017. The order, insofar as appealed from, granted that branch of the defendants' motion which was for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' motion which was for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident is denied.
On September 26, 2015, a vehicle operated by the plaintiff was involved in a collision with a vehicle operated by the defendant Allegra Demelo and owned by the defendant Brenda Demelo near Exit 36 of the westbound Long Island Expressway (hereinafter LIE), in Nassau County. On November 19, 2015, the plaintiff commenced this action to recover damages for injuries she allegedly sustained. In the bill of particulars, she alleged, inter alia, injuries to the cervical and lumbar regions of her spine and to her right shoulder.
By notice of motion dated May 10, 2017, the defendants moved for summary judgment dismissing the complaint on the alternate grounds that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident, and that the defendants were not at fault in the happening of the accident. In support of the serious injury branch of the motion, the defendants submitted the affirmed report of an orthopedic surgeon who examined the plaintiff on January 11, 2017. He measured the ranges of motion of the cervical and lumbar regions of the plaintiff's spine and of her right shoulder, and compared the results with what would be considered normal ranges of motion, finding the plaintiff to have no limitations. The defendants' orthopedic surgeon also stated in relevant part: "[a]ll ranges of motion are done visually and/or with the use of a hand held goniometer."
In support of the liability branch of the motion, the defendants submitted the deposition testimony of Allegra Demelo, who testified that she was driving on the LIE when the [*2]plaintiff, who "must have been merging in front of me, clipped my front-right bumper." She further testified that the plaintiff cut in front of her very quickly. The defendants also submitted the plaintiff's deposition testimony in support of their motion. The plaintiff testified that she had already left the entrance ramp and had been driving in a travel lane of the LIE for one to two minutes at the time the accident occurred.
In opposition, the plaintiff submitted the affirmed report of an orthopedic surgeon who examined the plaintiff, among other times, on July 26, 2017. The report recited that "[r]ange of motion was objectively measured in the affected joints using a goniometer," compared the results with what would be considered normal ranges of motion, and found restrictions of up to 33%. The plaintiff further maintained that the existence of triable issues of fact precluded summary judgment on the issue of fault.
In an order entered December 6, 2017, the Supreme Court, while denying that branch of the defendants' motion which was for summary judgment on the ground that they were not at fault in the happening of the accident, granted that branch of the defendants' motion which was for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d). The plaintiff appeals.
The Supreme Court should not have granted that branch of the defendants' motion which was for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury. The defendants failed to meet their prima facie burden on the motion (see generally Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955). The affirmed report of their orthopedic surgeon failed to identify the objective tests that were utilized to measure the plaintiff's ranges of motion, and thus, did not support the conclusion that the plaintiff suffered no limitations as a result of the accident (see Zavala v Zizzo, 172 AD3d 793, 794; Bayk v Martini, 142 AD3d 484; Durand v Urick, 131 AD3d 920; Exilus v Nicholas, 26 AD3d 457). It is therefore unnecessary to determine whether the papers submitted by the plaintiff in opposition to the motion were sufficient to raise a triable issue of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Although the defendants currently contend, as an alternative ground for affirmance (see Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 545-546), that they are entitled to summary judgment because they were not at fault in the happening of the accident, the conflicting deposition testimony they submitted in support of the motion regarding the manner in which the accident occurred failed to eliminate triable issues of fact as to that issue (see Cruz v Valentine Packaging Corp., 167 AD3d 707, 708-709; Goulet v Anastasio, 148 AD3d 783, 784). Accordingly, we agree with the Supreme Court's denial of that branch of the defendants' motion.
MASTRO, J.P., MALTESE, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court