Gersbeck v Cheema (2019 NY Slip Op 07056)





Gersbeck v Cheema


2019 NY Slip Op 07056


Decided on October 2, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
HECTOR D. LASALLE, JJ.


2017-11460
 (Index No. 17284/15)

[*1]Lenny Gersbeck, appellant,
v
Tej Ps Cheema, respondent.


Harold Solomon, Rockville Centre, NY (Bernard G. Chambers of counsel), for appellant.
Bello & Larkin, Hauppauge, NY (Jacqueline S. Kim of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (David T. Reilly, J.), dated September 5, 2017. The order, insofar as appealed from, granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On October 16, 2014, the plaintiff and the defendant were involved in a motor vehicle collision in Brooklyn. Thereafter, the plaintiff commenced this action to recover damages for personal injuries he allegedly sustained in the accident. In the bill of particulars, the plaintiff alleged, inter alia, that he sustained injuries to the cervical and lumbar regions of his spine.
On March 2, 2017, the defendant moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. In support, the defendant submitted, inter alia, the affirmed report of an orthopedic surgeon, who examined the plaintiff on November 16, 2016. The defendant's orthopedic surgeon measured the range of motion of the cervical and lumbar regions of the plaintiff's spine, using a goniometer, and compared his results to what would be considered a normal range of motion. He found the results to be normal.
In opposition, the plaintiff submitted, inter alia, the affidavit of a chiropractor, who first examined the plaintiff approximately three weeks after the accident, and who most recently examined him on March 17, 2017. During that most recent examination, the chiropractor measured the plaintiff's range of motion and found restrictions of up to 60% in the range of motion of the plaintiff's lumbar spine. The chiropractor did not state the objective method he used to measure the plaintiff's range of motion, such as by using a goniometer.
In an order dated September 5, 2017, the Supreme Court, inter alia, granted the defendant's motion for summary judgment dismissing the complaint, determining, among other things, that the evidence submitted by the plaintiff in opposition was insufficient to raise a triable [*2]issue of fact. The plaintiff appeals.
The defendant met his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendant submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical and lumbar regions of the plaintiff's spine did not constitute a serious injury under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d 614).
The plaintiff failed to raise a triable issue of fact in opposition. The affidavit of the plaintiff's chiropractor failed to identify the objective tests that were utilized to measure range of motion and, thus, did not support the conclusion that the plaintiff sustained a range-of-motion limitation as a result of the accident (see Bayk v Martini, 142 AD3d 484, 484-485; Durand v Urick, 131 AD3d 920). Although the plaintiff also submitted the affidavit of a second chiropractor and the affirmation of a physician, neither the second chiropractor nor the physician reported any range-of-motion measurements for the plaintiff.
Accordingly, we agree with the Supreme Court's determination to grant the defendant's motion for summary judgment dismissing the complaint.
AUSTIN, J.P., LEVENTHAL, ROMAN and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court