Landin v Clifford (2025 NY Slip Op 07005)

Landin v Clifford

2025 NY Slip Op 07005

Decided on December 17, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 17, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
CARL J. LANDICINO, JJ.

2024-07450
 (Index No. 601535/21)

[*1]Matthew Landin, appellant, 
v
William J. Clifford, et al., respondents.

Law Office of John J. Guadagno, P.C. (Cartier, Bernstein, Auerbach & Steinberg, P.C., Patchogue, NY [Robert G. Steinberg and Joseph D'Addario], of counsel), for appellant.
Nicole E. Lesperance, Melville, NY (David R. Holland of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Paul M. Hensley, J.), dated April 29, 2024. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.
The plaintiff commenced this action against the defendants to recover damages for personal injuries he allegedly sustained when a vehicle owned by the defendant Siemens Corporation and operated by the defendant William J. Clifford (hereinafter the defendant driver) struck him on Veterans Memorial Highway in Bohemia. The defendants moved for summary judgment dismissing the complaint, contending that the plaintiff's negligence in attempting to cross the street when it was not safe to do so was the sole proximate cause of the accident. In an order dated April 29, 2024, the Supreme Court granted the defendants' motion. The plaintiff appeals.
"A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (Pokazanova v Kellyman, 233 AD3d 952, 953 [internal quotation marks omitted]). "'[T]here can be more than one proximate cause of an accident, and, generally, it is for the trier of fact to determine the issue of proximate cause'" (Salama v Piccirillo, 223 AD3d 692, 693, quoting Guido v Dagnese, 214 AD3d 715, 716). "'A motion for summary judgment should not be granted where the facts are in dispute, where conflicting inferences may be drawn from the evidence, or where there are issues of credibility'" (Schmitz v Pinto, 220 AD3d 681, 681-682 [internal quotation marks omitted], quoting Baab v HP, Inc., 211 AD3d 783, 783).
Here, in support of their motion, the defendants submitted transcripts of the deposition testimony of the plaintiff and of the defendant driver, who each provided conflicting testimony as to how the accident occurred. Therefore, the defendants failed to establish, prima facie, that the defendant driver was not at fault in causing the accident (see Timmons v Logan Bus Co., Inc., 229 AD3d 734, 735; Goulet v Anastasio, 148 AD3d 783, 784).
Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint, regardless of the sufficiency of the plaintiff's opposition papers.
CONNOLLY, J.P., FORD, VOUTSINAS and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court