| |
|---|
| **Dzhumabaeva v Dichy** |
| 2025 NY Slip Op 30154(U) |
| January 10, 2025 |
| Supreme Court, Kings County |
| Docket Number: Index No. 501958/2021 |
| Judge: Richard J. Montelione |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

KINGS COUNTY CLERK
FILED

2025 JAN 15 A 9: 48

At IAS Part 99 of the Supreme Court
of the State of New York, held in and
for the County of Kings, at the
Courthouse located at 360 Adams
Street, Brooklyn, NY 11201, on the
_10_ day of January 2025.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS: PART 99

-------------------------------------------------------------------------------X

NAZI DZHUMABAEVA, SHOKHISTA M. ISMAILOVA,
And FERUZA UBAYDULLAGVA,

**DECISION AND
ORDER**

                            Plaintiffs,

                -against-

Index No.: 501958/2021
Mot. Seq. 4

ISAAC DICHY, et al.,

                            Defendants.

-------------------------------------------------------------------------------X

After oral argument, the following papers were read on this motion pursuant to CPLR 2219(a):

| Papers | NYSCEF DOC. # |
|---|---|
|  |  |
| Notice of Motion/Order to Show Cause/Affidavits/Affirmations/Exhibits……………..….. |  |
| Answering Affirmations/Affidavits/Exhibits…………………………………………….…. |  |
| Reply Affirmations/Affidavits/Exhibits……………………………....………………….…. |  |
| Other……………………………………………………………………………………….… |  |

MONTELIONE, RICHARD J., J.

Plaintiff, Feruza Ubaydullagva (hereinafter plaintiff UBAYDULLAGVA), commenced the instant action to recover damages for injuries to her cervical, thoracic, and lumbar regions of her spine, and injuries to her left elbow, allegedly suffered when, on August 12, 2020, the vehicle in which she was a back-seat passenger, made contact with a motor vehicle owned and operated by defendants. The complaint was filed on January 26, 2021. Issue was joined as to defendant Isaac Dichy (hereinafter defendant DICHY), upon his interposing an answer on February 16, 2021. Defendant Dichy now moves this court for an order granting summary judgment in his favor as against plaintiff UBAYDULLAGVA arguing that plaintiff did not sustain a "serious injury" under Insurance Law §§ 5102(d) and 5104(a).

The Court of Appeals explained the basis of a serious injury finding in the seminal case of *Pommells v. Perez*, 4 N.Y.3d 566 [2005]. Writing for the Court, Chief Judge Judith Kaye begun the opinion in *Pommells* as follows:

> In 1973 the Legislature enacted the "Comprehensive Automobile Insurance Reparations Act" – commonly know as No-Fault Law – with the objective of promoting prompt resolution of injury claims, limiting cost to consumers and alleviating unnecessary

[* 1]

*DZHUMABAEVA, N. et al. v. DICHY, ISAAC, et al.*, Index No. 501958/2021

burdens on the courts. Every car owner must carry automobile insurance, which will compensate injured parties for "basic economic loss" occasioned by the use or operation of that vehicle in New York State, irrespective of fault. Only in the event of "serious injury" as defined in the statute, can a person initiate suit against the car owner or driver for damages caused by the accident."

*Id.* at 566-567. (citations omitted)

Insurance Law § 5104(a) states that "in any action by or on behalf of a covered person against another covered person for personal injuries arising out of negligence in the use or operation of a motor vehicle in this state, there shall be no right of recovery for non-economic loss, except in the case of a serious injury."

Further, Insurance Law § 5102(d) defines a serious injury as:

"Serious injury" means a personal injury which results in death; dismemberment; significant disfigurement; a fracture; loss of a fetus; permanent loss of use of a body organ, member, function or system; permanent consequential limitation of use of a body organ or member; significant limitation of use of a body function or system; or a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment.

Defendant Dichy has the initial burden of establishing that plaintiff Ubaydullagva did not suffer a serious injury. *Hines v. Capital Dist. Transp. Authority*, 280 A.D.2d 768, 769 [3d Dept 2001]. "Once the defendants submitted evidence establishing the plaintiff did not suffer a serious injury within the meaning of Insurance Law 5102(d), the burden shift[s] to the plaintiff to produce evidentiary proof in admissible form demonstrating the existence of a triable issue of fact." *Almonacid v. Meltzer*, 222 A.D.2d 631 [2d Dept 1995]. (citations omitted)

In the instant motion, defendant Dichy argues that plaintiff Ubaydullagva did not sustain a serious injury as a result of the August 20, 2021 motor vehicle accident. "[A] defendant can establish that a plaintiff's injuries are not serious within the meaning of Insurance Law § 5102(d) by submitting the affidavits or affirmations of medical experts who examined the plaintiff and conclude that no objective medical findings support the plaintiff's claim." *Grossman v. Wright*, 268 A.D.2d 79, 83-84 [2d Dept 2000]. Defendant Dichy attaches a copy of plaintiff Ubaydullagva's Bill of Particulars, dated June 25, 2021, as Exhibit B (NYSCEF # 53), which alleges that plaintiff Ubaydullagva suffered "permanent consequential limitation of use of a body function or organ", a "significant limitation or use of a body function or system", and a "medically determined injury or impairment of a non-permanent nature … for not less than ninety days during the one hundred eighty days immediately following the occurrence", three of the statutory categories defining "serious injury". *Id.* at ¶ 9.

Defendant Dichy cites that plaintiff Ubaydullagva alleged she suffered serious injury to her cervical spine, thoracic spine, lumbar spine, and left elbow. An independent medical exam

*DZHUMABAEVA, N. et al. v. DICHY, ISAAC, et al.*, Index No. 501958/2021

(IME) conducted at the request of defendant Dichy by Jeffrey Passick, M.D., F.A.A.O.S., an orthopedist, on July 19, 2022, and after her range of motion was assessed using a goniometer, found a normal range of motion for plaintiff Ubaydullagva's cervical spine, thoracic spine, lumbar spine, right and left shoulders, and right and left elbows. The "[r]ange of motion values are in consideration of the AMA guidelines, 5th edition." Exhibit F, Dr. Passick IME, dated 7/19/2022, "Physical Examination," p. 5. (NYSCEF # 55)

Dr. Passick's report, affirmed under penalty of perjury, set out the "Normal" range of motion and the plaintiff Ubaydullagva's range of motion for, amongst other areas, her cervical spine, thoracic spine, lumbar spine, and left elbow. In each instance his examination revealed a normal range of motion as set out in the AMA guidelines. Dr. Passick IME, pp. 5-7. While the MRI of the cervical spine that was taken on September 2, 2020, demonstrated specified disc bulges with compression at C3-C4, C4-C5, C6-C7 levels, and disc herniation at C5-C6 level, Dr. Passick found full range of motion in the cervical spine and found the original diagnosis of cervical spine strain, thoracic spine strain, lumbar spine strain, and left elbow contusion "resolved" at the time of his report. Dr. Passick IME, pp. 2-3, & 7. Also, while the MRI of the thoracic spine that was taken on September 10, 2020, demonstrated disc bulges with compression at T4-T5, T5-T6, T6-T7, T7-T8, T9-T10, and T10-T11 levels, Dr. Passick diagnosed these conditions as "resolved" at the time of his report. Dr. Passick IME pp. 5-6, & 7. Further, while the MRI of the lumbar spine that was taken September 14, 2020, demonstrated a disc bulge and compression at L3-L4, and a disc herniation at L4-L5, Dr. Passick diagnosed these conditions as "resolved" at the time of his report. Dr. Passick IME pp. 6 & 7. Finally, Dr. Passick noted that the MRI of the left elbow that was taken on September 22, 2020, demonstrated "1.) Moderate thickening of the common extensor tendon consistent with lateral epicondylitis/tennis elbow however intrasubstance partial tear of the common extensor tendon cannot be excluded. 2.) Mild joint effusion consistent with trauma or synovitis in an appropriate clinical setting." Dr. Passick IME p. 3. Notwithstanding, Dr. Passick diagnosed this as "resolved" in his report. Dr. Passick IME p. 7.

Dr. Passick's report further notes that the MRI scans of the cervical, thoracic, and lumbar spines are "consistent with degenerative disc disease not injury." Dr. Passick IME p. 7.

The court finds that defendant Dichy has met his *prima facie* burden of proof by showing by objective proof that plaintiff Ubaydullagva did not suffer a serious injury given that the numeric percentage of all range of motions, measured with a goniometer, are within normal limits, orthopedic issues resolved, and other conditions are the result of degeneration. The burden now shifts to plaintiff Ubaydullagva "to present objective medical proof of a serious injury causally related to the accident in order to survive summary dismissal." *Pommells v. Perez*, 4 N.Y.3d at 574.

In opposition, plaintiff Ubaydullagva submits a report from Irving Friedman, M.D., a Board Certified neurologist, upon his examination of plaintiff Ubaydullagva and a review of her medical records on December 19, 2023. (Exhibit H, NYSCEF # 85). Dr. Friedman reviewed the medical evidence that showed range-of-motion limitations were contemporaneous with the accident. Dr. Friedman's own examination, with use of a goniometer, revealed a limited range of motion in plaintiff Ubaydullagva's cervical spine ("diffuse 33% deficit"), and lumbar spine ("diffuse 33% deficit"). However, Dr. Friedman failed to set out the guidelines used as the basis

[* 3]

*DZHUMABAEVA, N. et al. v. DICHY, ISAAC, et al.*, Index No. 501958/2021

for his findings. As a direct result, this court has no way of evaluating Dr. Friedman's range of motion findings as compared to Dr. Passick's findings. Therefore, plaintiff Ubaydullagva has failed to raise an issue of fact to rebut defendant Dichy's *prima facie* showing that plaintiff Ubaydullagva suffered a serious injury under either the "permanent loss" or "significant limitation of the use of a body function or system" category under the Insurance Law.

Turning now to the remaining category of "serious injury" under review, that of a "medically determined injury or impairment of a non-permanent nature … for not less than ninety days during the one hundred eighty days immediately following the occurrence", defendant Dichy presents the following from the plaintiff Ubaydullagva's sworn deposition testimony demonstrating that plaintiff missed no work during the 180-day period following the accident:

> Q.    Have you ever worked in any capacity in the United States?
> A.    The agency I work for was Care Pro Health Care.
> Q.    How long have you worked at Care Pro Health Care?
> A.    Between December 2019 and January 2021.
> Q.    Why did you stop working for Care Pro in January 2021?
> A.    I needed to collect my youngest kid he was in Uzbekistan.
> Q.    What type of work did you do for Care Pro Health Care?
> A.    I was a coordinator.
> Q.    Was that a full time position?
> A.    Yes.
> Q.    Did you work remotely or did you have to go into an office?
> A.    It was an office job.
> Q.    How many days a week did you work?
> A.    Five days Monday through Friday.
>         …
> Q.    Did you miss any time from work as a result of this accident?
> A.    No.

Defendant Dichy's Exhibit E, pp. 11-12 (NYSCEF # 54).

Defendant Dichy has met his *prima facie* burden that plaintiff Ubaydullagva did not suffer a serious injury under the 90/180 category. *See, Amato v. Gorecki*, 167 A.D.3d 557 [2d Dept 2018] [defendant made out *prima facie* case by submitting plaintiff's deposition testimony that demonstrated that plaintiff missed only about two weeks of work during the 180-day period following the accident]; *Anderson v. Foley*, 162 A.D.sd 965 [2d Dept 2018] [defendant made out *prima facie* case when it submitted deposition testimony that plaintiff did not miss more than three weeks of work during the 180-day period following accident]; *Heesook Choi v. Mendez*, 161 A.D.3d 1054 [2d Dept 2018] [defendant made out *prima facie* case by submitting deposition transcript that plaintiff missed about six weeks work during the 180-day period following after accident]; *Il Chung Lim v. Chrabaszcz*, 95 A.D.3d 950 [2d Dept 2012] [plaintiff admitted in supplemental bill of particulars that he was incapacitated for only two days]; and *Knox v. Lennihan*, 65 A.D.3d 615 [2d Dept 2009] [plaintiff's deposition testimony was that she returned to work full time approximately one and one-half months after the accident].

[* 4]

*DZHUMABAEVA, N. et al. v. DICHY, ISAAC, et al.*, Index No. 501958/2021

In opposition, the plaintiff Ubaydullagva failed to raise a triable issue of fact. Plaintiff Ubaydullagva's Attorney's Verified Bill of particulars states that plaintiff "was incapacitated from employment for approximately 20 weeks". Defendant Dichy's Exhibit D, ¶ 7 (NYSCEF # 53, p. 22). However, this contradicts plaintiff's sworn deposition testimony.

Defendant Dichy has demonstrated by competent medical evidence and plaintiff Ubaydullagva's own testimony that she did not sustain a serious injury within the meaning of Insurance Law § 5102. Plaintiff Ubaydullagva's subjective complaints of pain do not suffice.

Based on the foregoing, it is

**ORDERED** that defendant Isaac Dichy's motion for summary judgment under Insurance Law §§ 5102(d) and 5104(a) is **GRANTED** and the plaintiff Feruza Ubaydullagva's complaint against defendant Issac Dichy is **DISMISSED**.

This constitutes the decision and order of the court.

**E N T E R**

Hon. Richard J. Montelione, J.S.C.

[* 5]